UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LANDFALL 2, INC., a Florida corporation : Case No: 9:22-cv-80801-DMM
   Plaintiff / Counterclaim Defendant

v. :

DATASCORE ENTERPRISES, INC., a Delaware :
Corporation
   Defendant / Counterclaim Plaintiff

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## LANDFALL 2, INC. ANSWER TO COUNTERCLAIM
### [JURY TRIAL DEMANDED]

Counter-Defendant, LANDFALL 2, INC., ("**Landfall**") by and through undersigned counsel, hereby answers the counterclaim filed by Counterclaim Plaintiff, DATASCORE ENTERPRISES, INC. ("**Datascore**") as follows:

Counter-Defendant denies the allegations in the un-numbered introductory paragraphs.

### I.   PARTIES

1. Landfall admits the allegations in paragraph 1 of the counterclaim alleging Counterclaim Plaintiff is a Delaware Corporation. Landfall lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 of the counterclaim, therefore the remaining allegations are denied and demand is made for strict proof thereof.

2. Landfall admits the allegations in paragraph 2 of the counterclaim.

3. Landfall admits the allegations in paragraph 3 of the counterclaim alleging "Landfall is owned by Kevin Brody." Landfall lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 of the counterclaim, therefore the remaining allegations are denied and demand is made for strict proof thereof.

4. Landfall lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the counterclaim, therefore the remaining allegations are denied and demand is made for strict proof thereof.

5. Landfall admits the allegations in paragraph 5 of the counterclaim only to the extent that on October 17, 2019, an order was entered in Case No: CACE1602072. Landfall denies the veracity and accuracy of the remaining allegations in paragraph 5 of the counterclaim.

6. Landfall denies the allegations in paragraph 6 of the counterclaim.

## II.     JURISDICTION & VENUE

7. Landfall denies the allegations in paragraph 7 of the counterclaim.

## III.     FACTS

8. Landfall is without knowledge as to how "Datascore incorporates the responses set forth above" in paragraph 8 of the counterclaim. Therefore, the allegations in paragraph 8 of the counterclaim are denied and demand is made for strict proof thereof.

9. Landfall is without knowledge as to the allegations set forth in paragraph 9 of the counterclaim. Therefore, the allegations in paragraph 9 of the counterclaim are denied and demand is made for strict proof thereof.

10. Landfall is without knowledge as to the allegations set forth in paragraph 10 of the

counterclaim. Therefore, the allegations in paragraph 10 of the counterclaim are denied and demand is made for strict proof thereof.

11. Landfall is without knowledge as to the allegations set forth in paragraph 11 of the counterclaim. Therefore, the allegations in paragraph 11 of the counterclaim are denied and demand is made for strict proof thereof.

12. Landfall is without knowledge as to the allegations set forth in paragraph 12 of the counterclaim. Therefore, the allegations in paragraph 12 of the counterclaim are denied and demand is made for strict proof thereof.

13. Landfall is without knowledge as to the allegations set forth in paragraph 13 of the counterclaim. Therefore, the allegations in paragraph 13 of the counterclaim are denied and demand is made for strict proof thereof.

14. Landfall is without knowledge as to the allegations set forth in paragraph 14 of the counterclaim. Therefore, the allegations in paragraph 14 of the counterclaim are denied and demand is made for strict proof thereof.

15. Landfall is without knowledge as to the allegations set forth in paragraph 15 of the counterclaim. Therefore, the allegations in paragraph 15 of the counterclaim are denied and demand is made for strict proof thereof.

16. Landfall is without knowledge as to the allegations set forth in paragraph 16 of the counterclaim. Therefore, the allegations in paragraph 16 of the counterclaim are denied and demand is made for strict proof thereof.

17. Landfall is without knowledge as to the allegations set forth in paragraph 17 of the counterclaim. Therefore, the allegations in paragraph 17 of the counterclaim are denied and

demand is made for strict proof thereof.

18. Landfall is without knowledge as to the allegations set forth in paragraph 18 of the counterclaim. Therefore, the allegations in paragraph 18 of the counterclaim are denied and demand is made for strict proof thereof.

19. Landfall is without knowledge as to the allegations set forth in paragraph 19 of the counterclaim. Therefore, the allegations in paragraph 19 of the counterclaim are denied and demand is made for strict proof thereof.

20. Landfall is without knowledge as to the allegations set forth in paragraph 20 of the counterclaim. Therefore, the allegations in paragraph 20 of the counterclaim are denied and demand is made for strict proof thereof.

21. Landfall is without knowledge as to the allegations set forth in paragraph 21 of the counterclaim. Therefore, the allegations in paragraph 21 of the counterclaim are denied and demand is made for strict proof thereof.

22. Landfall denies the allegations set forth in paragraph 22 of the counterclaim.

23. Landfall denies the allegations set forth in paragraph 23 of the counterclaim.

24. Landfall denies the allegations set forth in paragraph 24 of the counterclaim and further avers that Landfall and Datascore entered into a partnership agreement, as alleged in Landfall's Verified Complaint.

25. Landfall denies the allegations set forth in paragraph 25 of the counterclaim.

26. Landfall denies the allegations set forth in paragraph 26 of the counterclaim.

27. Landfall denies the allegations set forth in paragraph 27 of the counterclaim.

28. Landfall denies the allegations set forth in paragraph 28 of the counterclaim.

29. Landfall denies the allegations set forth in paragraph 29 of the counterclaim.

30. Landfall denies the allegations set forth in paragraph 30 of the counterclaim.

31. Landfall denies the allegations set forth in paragraph 31 of the counterclaim.

32. Landfall denies as phrased the allegations set forth in paragraph 32 of the counterclaim.

33. Landfall denies the allegations set forth in paragraph 33 of the counterclaim.

34. Landfall denies the allegations set forth in paragraph 34 of the counterclaim.

35. Landfall denies as phrased the allegations set forth in paragraph 35 of the counterclaim.

36. Landfall denies as phrased the allegations set forth in paragraph 36 of the counterclaim.

37. Landfall admits the allegation in paragraph 37 of the counterclaim only to the extent Landfall and Datascore were in a partnership. Landfall denies as phrased the allegations set forth in paragraph 37 of the counterclaim.

**Count I – Breach of Contract**

38. Counter Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 of the counterclaim as if fully set forth herein.

39. Landfall denies the allegations set forth in paragraph 39 of the counterclaim.

40. Landfall denies the allegations set forth in paragraph 40 of the counterclaim.

41. Landfall denies the allegations set forth in paragraph 41 of the counterclaim.

42. Landfall denies the allegations set forth in paragraph 42 and subsections (a), (b), and (c) of the counterclaim.

43. Landfall denies the allegations set forth in paragraph 43 of the counterclaim.

**Count II – Trademark Infringement**

44. Counter Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 of the counterclaim as if fully set forth herein.

45. Landfall denies as phrased the allegations set forth in paragraph 45 of the counterclaim.

46. Landfall is without knowledge as to the allegations set forth in paragraph 46 of the counterclaim. Therefore, the allegations in paragraph 46 of the counterclaim are denied and demand is made for strict proof thereof.

47. Landfall denies the allegations set forth in paragraph 47 of the counterclaim.

48. Landfall denies the allegations set forth in paragraph 48 of the counterclaim.

49. Landfall denies the allegations set forth in paragraph 49 of the counterclaim.

50. Landfall denies the allegations set forth in paragraph 50 of the counterclaim.

51. Landfall denies the allegations set forth in paragraph 51 of the counterclaim.

52. Landfall denies the allegations set forth in paragraph 52 of the counterclaim.

53. Landfall denies the allegations set forth in paragraph 53 of the counterclaim.

54. Landfall denies the allegations set forth in paragraph 54 of the counterclaim.

55. Landfall denies the allegations set forth in paragraph 55 of the counterclaim.

### Count III – Unfair Competition and False Designation of Origin under

### 15 U.S.C ¶ 1125(a) (Lanham Act)

56. Counter Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 of the counterclaim as if fully set forth herein.

57. Landfall denies the allegations set forth in paragraph 57 of the counterclaim.

58. Landfall denies the allegations set forth in paragraph 58 of the counterclaim.

59. Landfall denies the allegations set forth in paragraph 59 of the counterclaim.

60. Landfall denies the allegations set forth in paragraph 60 of the counterclaim.

61. Landfall denies the allegations set forth in paragraph 61 of the counterclaim.

62. Landfall denies the allegations set forth in paragraph 62 of the counterclaim.

63. Landfall denies the allegations set forth in paragraph 63 of the counterclaim.

### Count IV – Tortious Interference

64. Counter Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 of the counterclaim as if fully set forth herein.

65. Landfall denies the allegations set forth in paragraph 65 of the counterclaim.

66. Landfall denies the allegations set forth in paragraph 66 of the counterclaim.

67. Landfall denies the allegations set forth in paragraph 67 of the counterclaim.

### Count V – Unjust Enrichment

68. Counter Defendant realleges and incorporates by reference its responses to Paragraphs

1 through 37 of the counterclaim as if fully set forth herein.

69. Landfall denies the allegations set forth in paragraph 69 of the counterclaim.

70. Landfall denies the allegations set forth in paragraph 70 of the counterclaim.

71. Landfall denies the allegations set forth in paragraph 71 of the counterclaim.

### Count VI - FDUTPA

72. Counter Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 of the counterclaim as if fully set forth herein.

73. Landfall denies the allegations set forth in paragraph 73 of the counterclaim.

74. Landfall denies the allegations set forth in paragraph 74 of the counterclaim.

75. Landfall denies the allegations set forth in paragraph 75 of the counterclaim.

76. Landfall denies the allegations set forth in paragraph 76 of the counterclaim.

WHEREFORE, Counter Defendant Landfall 2, Inc. respectfully requests that the Court

  A. Enter judgment in Landfall 2, Inc.'s favor.
  B. Order Datascore Enterprises, Inc. to go henceforth without day.
  C. Award Landfall 2, Inc. its reasonable costs and fees, including attorneys' fees.
  D. Grant Landfall 2, Inc. such other and further relief as the Court deems just and proper.

### JURY DEMAND

Counter Defendant, Landfall 2, Inc. demands a trial by jury on all issues triable by a jury.

July 5, 2022

        Respectfully submitted,

        */s/ Darren R. Aponte*
        DARREN R. APONTE
        Florida Bar No. 83597
        Primary e-mail:   darren@apontelegal.com
        Secondary e-mail:  service@apontelegal.com
        **APONTE LAW, P.A.**
        18301 NW 2nd Court
        Miami, FL  33169
        Tel:  (305) 356-1032

        *Attorneys for Plaintiff/Counter Defendant Landfall 2, Inc.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on <u>July 5, 2022</u>, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. I further certify that a true and correct copy of the foregoing has been furnished via U.S. Mail and e-mail upon the following:

Bert McBride, Esq.
Trenam Law
101 East Kennedy Boulevard
Suite 2700
Tampa, FL 33602
Tel: (813) 223-7474
e-mail: bmcbride@trenam.com
*Counsel for Defendants Blue Jacket Media and*
*Eric Kortman*

                                                             <u>/s/ Darren R. Aponte</u>
                                                             DARREN R. APONTE