UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-80801-MIDDLEBROOKS/MATTHEWMAN

LANDFALL 2, INC., a Florida corporation,

    Plaintiff,

vs.

DATASCORE-AI, LLC, a Texas limited
liability company; BRENT BIGGS,
individually; and DATASCORE ENTERPRISES,
CORP., a Delaware corporation,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT DATASCORE ENTERPRISES, CORP'S MOTION TO COMPEL [DE 40]

**THIS CAUSE** is before the Court upon Defendant Datascore Enterprises, Corp.'s ("Defendant") Motion to Compel ("Motion") [DE 40]. This matter was referred to the Undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge. [DE 41]. Upon careful review of the Motion, the Court entered a Paperless Order requiring Plaintiff Landfall 2, Inc. ("Plaintiff") to file a response to the Motion by November 23, 2022. [DE 42]. Plaintiff failed to file a response as required. Thereafter, despite no response having been filed, Defendant filed a reply [DE 44] in support of its Motion. Thus, this matter is now ripe for review.

### I. MOTION AND REPLY

    a. Motion [DE 40]

In its Motion [DE 40], Defendant requests "entry of an order compelling Plaintiff . . . to produce documents and responses supplementing its deficient responses to [Defendant's] First Set

1

of Requests for Production of Documents . . . and First Set of Interrogatories." [DE 40 at 1]. In this regard, Defendant notes that it has "repeatedly attempted to resolve this discovery dispute without the Court's involvement, including by providing [Plaintiff] with six extensions for production." *Id.* at 3. However, "with the rapidly approaching depositions and trial dates, it has become clear that nothing short of a court order will compel [Plaintiff] to fulfill its discovery obligations." *Id.*

Specifically, Defendant takes issue with Plaintiff's responses to Interrogatories 4, 10, 11, 12, 14, and 22, and to Plaintiff's objection to those Interrogatories on the basis that they "seek[] information that Plaintiff considers confidential or proprietary, including trade secrets or other confidential research, development, or commercial information." [DEs 40 at 6, 40-3 at 11–42]. According to Defendant, Plaintiff "failed to provide a privilege log and comply with Rule 26(b)(5)(A), which requires the objecting party to describe the withheld information with sufficient detail to allow the parties and the court to assess the privilege claim." [DE 40 at 6]. Additionally, Defendant contends that "there is no privilege that protects confidential proprietary information, including trade secrets and similar confidential information, from disclosure"; rather, Defendant notes that the party resisting discovery "has the burden to 'first establish the information sought is indeed confidential and then demonstrate that its disclosure might be harmful.'" *Id.* (quoting *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985)).

Defendant also takes issue with Plaintiff's document production. *Id.* Defendant states that Plaintiff "produced only 303-pages of documents in a single PDF that predominantly comprises email communications from Jason Fine, one of [Plaintiff's] independent contractors." *Id.* Defendant states that the document production is therefore:

2

> noticeably missing communications from and among other current and former Landfall personnel; remaining communications with Datascore, communications with customers, financial documents, trademark and patent materials, sales and marketing materials for the services and Software at issue in this litigation, and documents evidencing [Plaintiff's] alleged ownership or development of the "Software Platform" — one of [Plaintiff's] central claims.

*Id.* at 6–7. Accordingly, Defendant requests that Plaintiff produce a number of responsive documents corresponding to RFP Nos. 1–21, 23–29, 31, and 36–38. *Id.* at 7–8. That is, documents responsive to all RFPs except for 22, 30, 32–35, and 39–40. And, Defendant requests that Plaintiff "be required to reimburse [Defendant] for its reasonable attorneys' fees and costs incurred in bringing this otherwise avoidable motion to compel discovery." *Id.* at 8.

   b. Reply [DE 44][1]

Despite Plaintiff's failure to file a response, Defendant has also filed a reply [DE 44] in support of its Motion. Within the reply, Defendant notes that "[t]he parties have continued to be in communication since the entry of the Court's briefing schedule." [DE 44 at 1]. According to Defendant, "[o]n November 25 (Black Friday), two days before depositions were scheduled to begin, [Plaintiff] produced a 12-gigabyte zip file containing approximately 23,000 files," of which "half of the production was duplicative, such that 11,500 unique documents were produced." *Id.* at 1–2. Thus, "[g]iven the extremely late and last minute timing of [Plaintiff's] production, the volume of documents produced, and scheduled depositions (which continue through December 1 and 2), [Defendant states that it] has not had adequate time to fully review the production prior

---

[1] While the reply was due on or before noon on November 30, 2022, Defendant filed its reply at 12:43 p.m on November 30, 2022. However, Defendant immediately called Chambers thereafter and noted its recent discovery that the reply was in fact due by noon. Accordingly, the Court will consider the reply as timely filed, especially considering Plaintiff failed to file a response, and the reply is more akin to a Notice informing the Court as to the status of discovery production.

3

[to] filing th[e] Reply." *Id.* at 2. Nonetheless, Defendant maintains that several categories of responsive documents are missing; specifically, the eight categories of responsive documents identified in section II(b), *infra*. *Id.* at 2–8.

## II. ANALYSIS

a. Granting by Default

The Court has carefully considered the relevant law, the Motion, and the entire docket in this case. According to Local Rule 7.1(c), failure to file a response "may be deemed sufficient cause for granting the motion by default." Accordingly, pursuant to Local Rule 7.1(c), Defendant's Motion is granted by default due to Plaintiff's failure to respond to the Motion by the deadline imposed by Court Order. *See Lan Li v. Walsh*, No. 16-CV-81871, 2020 WL 5509228, at *1 (S.D. Fla. Sept. 14, 2020), *report and recommendation adopted*, No. 16-CV-81871, 2020 WL 5803688 (S.D. Fla. Sept. 30, 2020); *James v. Wal-Mart Stores E., LP*, No. 18-CV-81325, 2019 WL 124308, at *1 (S.D. Fla. Jan. 8, 2019); *Affonso v. Se. Fla. Transp. Grp., LLC*, No. 14-81309-CV, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29, 2016). This Court simply will not tolerate any party or counsel refusing to comply with Court orders.

b. Granting on the Merits

The Motion is also due to be granted on the merits. First, with respect to Interrogatories 4, 10, 11, 12, 14, and 22, Plaintiff's responses thereto are plainly deficient. Specifically, Plaintiff objects to those interrogatories on the basis that they "seek[] information that Plaintiff considers confidential or proprietary, including trade secrets or other confidential research, development, or commercial information." [DE 40-3 at 11–42]. Plaintiff therefore contends that "responses will be provided as warranted after an examination of the privilege asserted." *Id.* However, based upon

4

review of Plaintiff's responses to the interrogatories, it is clear that Plaintiff did not "describe the nature of the documents, communications, or tangible things not produced or disclosed," as required by Rule 26(b)(5)(A)(ii). In fact, Plaintiff's responses seemingly indicate that Plaintiff did not even sufficiently consider its assertion of privilege, as Plaintiff stated it would provide responses "*after* an examination of the privilege asserted." Moreover, Local Rule 26.1(e)(2)(C) requires preparation of a privilege log, which Defendant states Plaintiff did not provide. Plaintiff did not file a response and therefore did not contest this assertion. Therefore, Plaintiff shall supplement and provide full and complete answers to Interrogatories 4, 10, 11, 12, 14, and 22 on or before **December 5, 2022**. The Court finds that due to Plaintiff's insufficient and dilatory assertion of any privilege, Plaintiff's failure to prepare and timely serve a privilege log, and Plaintiff's failure to respond to the pending Motion as ordered by the Court, Plaintiff has waived any and all privilege objections. *Romacorp, Inc. v. Prescient, Inc.*, No. 10-22872-Civ, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("When a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. A party may waive any general privileges in this manner.") (alterations and internal citations omitted).

  Second, with respect to Defendant's request for numerous documents in connection with RFP Nos. 1–21, 23–29, 31, and 36–38, Plaintiff has not responded and has therefore also not refuted Defendant's assertion that Plaintiff produced only "303-pages of documents in a single PDF that predominantly comprises email communications from Jason Fine, one of [Plaintiff's] independent contractors." [DE 40 at 6]. This is a case involving allegations of breach of contract; violation of the Florida Revised Uniform Partnership Act; requests for a partnership accounting, for declaratory relief under section 86.11, Florida Statutes, and for temporary injunctive relief;

5

claims for unjust enrichment, equitable estoppel, quantum meruit, tortious interference with advantageous business and contractual relationships, vicarious liability, and alter ego. [DE 1-1]. Further, there are pending counterclaims for breach of contract, trademark infringement, unfair competition and false designation of origin under the Lanham Act, tortious interference, unjust enrichment, and a violation of FDUTPA. [DE 16]. Thus, this is clearly a complex case necessitating substantial discovery.

With this in mind, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the Court finds the following categories of responsive documents to be relevant and proportional to the needs of the case:

1. Communications and documents exchanged between and among Landfall's current and former employees, independent contractors, and agents relating to the Software Platform, any of the Datascore Defendants, the alleged Landfall/Datascore Partnership, or the claims and defenses in this case (in accordance with RFP Nos. 5, 6, 21);

2. Communications and documents exchanged between Landfall and any of the Datascore Defendants (in accordance with RFP Nos. 2, 3, 5–7, 13, 18, 21, 23, and 24);

3. Communications and documents exchanged between Landfall and any customers or potential customers relating to the alleged Landfall/Datascore Partnership, the Software Platform, or Otolox (in accordance with RFP Nos. 5, 6, 8–11, 15, 25, and 29);

4. Landfall's financial documents such as payroll documents, invoices, receipts for any refunds made, and customer contracts (in accordance with RFP Nos. 9, 14, 29, 36–38);

5. Trademark and patent materials (in accordance with RFP No. 12);

6. Documents evidencing Landfall's ownership or development of the Software Platform (in accordance with RFP Nos. 3, 4, 17, and 19);

7. Documents evidencing the terms, assets, and valuation of the alleged Landfall/Datascore Partnership (in accordance with RFP Nos. 1, 13, 16, 18, 20, 26, 28, and 31); and

8. Sales and marketing materials for Landfall, Datascore, or the alleged Landfall/Datascore Partnership, including materials related to Otolox (in accordance with RFP Nos 10, 11, 23, 25, and 27).

Accordingly, Plaintiff shall produce documents responsive to the eight listed categories of documents above (and therefore responsive to the corresponding RFPs) on or before **December 5, 2022**. Since Plaintiff failed to timely respond to discovery, Plaintiff has waived any and all objections to producing said discovery. *See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012) ("[A]s a general rule, when a party fails to timely object to production requests[,] the objections are deemed waived." (alterations omitted) (quoting *Pitts v. Francis*, No. 07cv169, 2008 WL 2229524, at *4 (N.D. Fla. May 28, 2008))).

To the extent that Defendant expounds upon these categories of responsive documents in its reply [DE 44] with greater specificity, the Court expects that the more specific documents referenced would necessarily be produced when Plaintiff produces documents responsive to the eight aforementioned categories of documents. Moreover, to the extent that Plaintiff may seek to object to any of these categories of responsive documents or to the specific requests for production making up said categories, the Court finds that Plaintiff has waived its right to object to the categories of documents and to the requests for production included therein. *See Wynmoor Cmty. Council, Inc.*, 280 F.R.D. at 685.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Compel [DE 40] is **GRANTED**, both pursuant to Local Rule 7.1(c) and on the merits, as stated above. Plaintiff shall supplement and provide full and complete answers to Interrogatories 4, 10, 11, 12, 14, and 22 on or before

**December 5, 2022**. As noted above, Plaintiff has waived any and all claims of privilege. Similarly, to the extent not already produced, Plaintiff shall produce documents responsive to the eight listed categories of documents above (and therefore responsive to the corresponding RFPs) on or before **December 5, 2022**. The Court notes that the discovery cut-off in this case is December 15, 2022. [DE 24]. Therefore, the Court expects Plaintiff to move expeditiously in its discovery production and will not tolerate further violations of this Court's orders.

2. In light of the granting of Defendant's Motion [DE 40], the Court now has under consideration the imposition of sanctions and/or cost-shifting against Plaintiff and its counsel under Federal Rule of Civil Procedure 37(a)(5)(A). Accordingly, on or before **December 12, 2022**, Plaintiff and its counsel shall **SHOW CAUSE** why they should not jointly have to pay Defendant's reasonable expenses, including attorney's fees, incurred by Defendant in bringing this Motion. Defendant shall file a reply to the response of Plaintiff and its counsel on or before **December 14, 2022**. The Court will then enter a further Order as deemed appropriate. Failure of Plaintiff and its counsel to respond to this Order to Show Cause as ordered shall result in sanctions. Further, failure to comply with this Order and timely produce the discovery as ordered herein may result in all sanctions authorized under the applicable rules and the inherent authority of this Court against both Plaintiff and its counsel. This includes all sanctions available under Fed. R. Civ. P. 37(b)(2), including but not limited to the striking of Plaintiff's pleadings, dismissal of this case with prejudice, and entry of default judgment against Plaintiff.

3. Additionally, because the Court is granting Defendant's Motion [DE 40], the hearing currently scheduled for December 2, 2022 at 1:00 p.m. is **CANCELED**. Therefore, the Joint Notice that is currently due on or before noon on December 1, 2022 shall also no longer be required. However, based on the uncertainty of discovery production in this case, on or before **December 9, 2022**, Defendant shall file a Notice with the Court, informing the Court as to whether there remains any requisite outstanding discovery. This Notice may constitute the "further update" referenced in Defendant's reply [DE 44 at 2].

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of November, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge