LANDFALL 2, INC., a Florida corporation,

     Plaintiff,

v.                                  CASE NO.:    9:22-cv-80801-DMM

DATASCORE-AI, LLC, a Texas limited
liability company; BRENT BIGGS,
individually, and DATASCORE ENTERPRISES,
CORP., a Delaware corporation;

     Defendants.

_____/

## DEFENDANTS' CERTIFICATION OF PLAINTIFF'S NON-COMPLIANCE WITH PREPARATION OF JOINT PRETRIAL STIPULATION

Defendants Datascore-AI, LLC ("Datascore-AI"), Brent Biggs ("Biggs"), and Datascore Enterprises, Corp. ("Datascore") (collectively, "Defendants") hereby submit this Certification of Plaintiff Landfall 2, Inc.'s ("Landfall") Non-compliance with the preparation of the Joint Pretrial Stipulation pursuant to Southern District of Florida Local Rule 16.1(e) and this Court's Pretrial Scheduling Order and Order Referring Case to Mediation ("Scheduling Order") [Dkt. 24].

The Court ordered the parties to file a Joint Pretrial Stipulation by January 30, 2023—the day of this filing. [Dkt. 24 at 5.] The Court's Scheduling Order modifies from the Local Rules in that a party is directed not to file a unilateral pretrial stipulation in the event the other party refuses to cooperate or upon the parties' failure to reach agreement on a joint submission. [Dkt. 24 at 3.] This Court has made clear that it "will not accept unilateral pretrial stipulations and will strike *sua sponte* any such submissions." *Id.* Instead, upon a party's failure to cooperate in preparing the Joint Pretrial Stipulation, all other parties are required to file a certification with the Court stating the circumstances. *Id.* Thereafter, "the Court will issue an order requiring the non-

cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt for failure to comply with the Court's order." *Id.*

Despite Datascore's best efforts to obtain Landfall's cooperation in preparing the Joint Pretrial Stipulation, Landfall has been uncooperative and disregarded this Court's pretrial scheduling order. Datascore is unable to submit a proposed pretrial stipulation as a result. Datascore's attempts at conferral with Landfall are as follows:

On January 11, 2023, Datascore's counsel, Amy Yoon, called Landfall's counsel, Darren Aponte, to meet and confer on the preparation of the Joint Pretrial Stipulation and the parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.[1] *See* **Exhibit A.** Although it is typically the Plaintiff that should prepare the first draft, Ms. Yoon provided Mr. Aponte with templates of the Pretrial Disclosures and Exhibit List to ensure that the parties' submissions had consistent formatting and content. The parties agreed to exchange Pretrial Disclosures, including the Exhibit List, by January 13, 2023. The parties further agreed that upon exchange of the Pretrial Disclosures, Datascore's counsel would use that information to begin preparing a first draft of the Joint Pretrial Stipulation. The parties would then exchange objections on January 27, and, after incorporating the parties' objections, Datascore would provide Landfall with a complete draft of the Joint Pretrial Stipulation by the morning of January 30. Landfall agreed to these deadlines and the plan to prepare the Joint Pretrial Stipulation.

On January 13, 2023 (the originally agreed upon date to exchange Pretrial Disclosures), Landfall requested an extension for the Pretrial Disclosures. Datascore agreed to a short extension to January 17, and the parties agreed that all other previously agreed upon deadline

---

[1] The Scheduling Order provides that "The pretrial disclosures and objections required under Fed. R. Civ. P. 26(a)(3) should be served, but not filed with the Clerk's Office, as the same information is required to be attached to the parties' Joint Pretrial Stipulation." [Dkt. 24 at 3.]

would remain the same, as previously agreed, given the Court-ordered Pretrial Stipulation deadline of January 30. *Id.* Landfall agreed. *Id.*

On January 17, 2023, Datascore sent Landfall its Pretrial Disclosures and accompanying Exhibit List. *Id.* Datascore did not receive Landfall's Pretrial Disclosures.

On January 18, 2023, Datascore emailed Landfall inquiring about the status of Landfall's overdue Pretrial Disclosures. Datascore did not receive any response from Landfall. *See* **Exhibit B.**

On January 19, 2023, Ms. Yoon attempted to call Mr. Aponte, left him a voicemail after being unable to reach him, and followed up with an email requesting a call back. *Id.* Mr. Aponte did not return Ms. Yoon's call, and Landfall did not otherwise provide its Disclosures or an update.

On January 20, 2023, Ms. Yoon again attempted to call Mr. Aponte, left him a voicemail, and followed up with an email asking for Landfall's Pretrial Disclosures. *Id.*

At nearly midnight on Sunday, January 22, 2023, Mr. Aponte emailed Datascore counsel to inform them that he was "out all last week" with what he "believe[s]/hope[s]" was COVID, and that he began feeling unwell around January 12 or 13. *See* **Exhibit C.** Mr. Aponte did not have an out of office email reply set up and no one from his office informed Datascore's counsel that he was not working. Moreover, Mr. Aponte claimed to be feeling unwell beginning January 12 or 13, which is when Mr. Aponte requested a short extension to the Pretrial Disclosure exchange deadline, but he made no reference to feeling sick and did not attempt to obtain a subsequent extension or even communicate to Datascore's counsel that he was ill and would be

unable to meet the agreed upon deadlines.[2] Mr. Aponte stated that he would email Datascore's counsel to meet and confer the next day, but he did not.

On January 23, 2023, Ms. Yoon again attempted to call Mr. Aponte, left him a voicemail, and followed up with an email requesting a call back. *Id.* Though Mr. Aponte's January 22nd email suggested he was working again, Mr. Aponte did not respond to Ms. Yoon's voicemail or email.

Then, on January 25, 2023, despite not answering any of Datascore's calls or requests for a call back and having yet to provide Landfall's Pretrial Disclosures, Landfall emailed Datascore to request information about the court reporter for the Landfall's Rule 30(b)(6) deposition. *See* **Exhibit D.** The very same day, Datascore responded to Landfall's email, provided the information it requested, and attempted to call Landfall's counsel. Again, Mr. Aponte did not answer nor return the undersigned's follow up email and voicemail. *Id.*

On January 26, 2023, Datascore again attempted to reach Landfall, and left voicemails and emails with Landfall's counsel requesting a status update on Landfall's late Pretrial Disclosures. *See* **Exhibit C.** Landfall did not respond or provide its Disclosures.

Finally, on January 27, 2023, having heard no response from Landfall, Datascore sent Landfall a draft Joint Pretrial Stipulation that was completed to the best of Datascore's ability, having not received the information that should have been included in Landfall's Pretrial Disclosures. *See* **Exhibit E.** Datascore requested Landfall complete its portions of the Stipulation and return it by the morning on January 30 (the filing deadline). Landfall did not respond or

---

[2] This is not Landfall's first or only time attempting to use its counsel's alleged medical or health issues as an "after the fact" excuse for missing case deadlines or failing to comply with Court orders. *See* Dkt. 56 at 9 ("Plaintiff never once filed any motion seeking an extension of time to respond to discovery based on any alleged medical issues. Plaintiff's claim of medical issues came after the fact when Plaintiff and Plaintiff's counsel were confronted with potential sanctions.").

provide its additions to the Stipulation. Moreover, Landfall did not provide its objections to Datascore's Pretrial Disclosures, including Exhibit List, by the January 27 deadline and, as such, its objections are waived.

As of the time of this filing, Plaintiff Landfall has not provided the Datascore Defendants with Landfall's objections to Datascore's Pretrial Disclosures, its own Pretrial Disclosures, or its contributions to the Joint Pretrial Stipulation. More problematic is Landfall's silence on the issue and inexplicable failure to comply with this Court's Scheduling Order, and the issues it is causing for Datascore's pre-trial preparation.[3] Pursuant to the Scheduling Order, Landfall should be held in contempt for failing to comply with the Scheduling Order and Datascore requests the Court issue appropriate sanctions against Landfall for its continuing dilatory conduct.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED this 30th day of January, 2023, at Seattle, Washington.

*/s/Amy H. Yoon*
**Amy H. Yoon**
Washington State Bar No. 58102
Admitted Pro Hac Vice
E-mail: ayoon@cairncross.com

Date: January 30, 2023

Respectfully submitted,

*/s/ Woodrow H. Pollack*
**WOODROW H. POLLACK**
Florida Bar No. 26802
Primary E-Mail:    WPollack@shutts.com
Secondary E-Mail: KChambers@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Boulevard, Suite 300

---

[3] Again, this is not the first time Landfall has simply ignored the Court's directives. See [Dkt. 56, 67, 74.] Landfall has repeatedly and flagrantly violated this Court's orders throughout the pendency of this litigation, which Landfall initiated as Plaintiff.

Tampa, Florida 33607
Telephone: (813) 229-8900
Facsimile: (813) 229-8901

and

**BINAH B. YEUNG**
Washington State Bar No. 44065
*Admitted Pro Hac Vice*
E-mail:byeung@cairncross.com
**AMY YOON**
Washington State Bar No. 58102
*Admitted Pro Hac Vice*
E-mail:ayoon@cairncross.com
**CAIRNCROSS & HEMPELMANN, P.S.**
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308

*Counsel for Defendants, Brent Biggs,*
*Datascore Enterprises, Corp., and*
*Datascore-AI, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on <u>January 30, 2023</u> a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack