UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-80801-MIDDLEBROOKS/MATTHEWMAN

LANDFALL 2, INC., a Florida corporation,

    Plaintiff,

vs.

DATASCORE-AI, LLC, a Texas limited
liability company; BRENT BIGGS,
individually; and DATASCORE ENTERPRISES,
CORP., a Delaware corporation,

    Defendants.

_____/

FILED BY ___SW___ D.C.

Feb 8, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON IMPOSITION OF SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL FOR BAD FAITH MISCONDUCT, VIOLATIONS OF COURT ORDERS, AND DISCOVERY VIOLATIONS STEMMING FROM DEFENDANT'S MOTION TO COMPEL [DE 40]

**THIS CAUSE** is before the Court upon the following: (1) the Court's December 29, 2022 Second Omnibus Interim Discovery Order [DE 67], in which the Court set several discovery related deadlines, including a January 6, 2023 deadline for Plaintiff Landfall 2, Inc. ("Plaintiff") and Defendant Datascore Enterprises, Corp. ("Defendant") to each file an Affidavit or Declaration concerning the production of discovery, a January 6, 2023 deadline for Defendant to file a memorandum in support of its requested sanctions, and a January 13, 2023 deadline for Plaintiff to respond to said memorandum;[1] (2) Plaintiff's January 6, 2023 Notice of Filing Documents [DE

_____

[1] The Court also set a January 6, 2023 deadline for Defendant to file an "affidavit or declaration of reasonable expenses, including attorney's fees, which includes the hours claimed and the hourly rate sought, as well as the billing logs for each biller and a statement concerning their qualifications and/or experience," for which Plaintiff was also to

1

69], in which Plaintiff's counsel included, among other things, a Declaration in Opposition to the Issuance of Sanctions;[2] (3) "Defendants'" January 6, 2023 Declaration of Counsel Regarding Status of Discovery and Memorandum in Support of Sanctions Requested Pursuant to Second Omnibus Interim Discovery Order [DE 71];[3] (4) Plaintiff's belated January 7, 2023 Declaration Regarding Discovery Produced [DE 72]; and (5) Plaintiff's January 7, 2023 Notice of Filing [DE 73], in which Plaintiff attached a number of documents that were referenced within DE 72 earlier that same date. The matter was referred to the Undersigned United States Magistrate Judge by United States District Judge Donald M. Middlebrooks, pursuant to an Order Referring Discovery Motions [DE 41], and the Court continues to deal with the dilatory discovery conduct, bad faith misconduct, and repeated noncompliance with Court Orders by Plaintiff and its counsel stemming from Defendant's November 15, 2022 Motion to Compel [DE 40].

---

respond on or before January 13, 2023. [DE 67 at 5].

[2] The Declaration in Opposition to the Issuance of Sanctions [DE 69] was not responsive to Defendant's subsequently-filed January 6, 2023 Memorandum in Support of Sanctions Requested [DE 71].

[3] Although the Motion to Compel [DE 40] was initially filed by Defendant Datascore Enterprises, Corp. ("Defendant"), it clearly sought discovery on behalf of all three Defendants who are interrelated and represented by the same counsel. Further, in the January 6, 2023 Declaration, defense counsel filed documents concerning the discovery dispute on behalf of all three defendants—Datascore Enterprises, Corp., Datascore-AI LLC, and Brent Biggs. Upon careful review of the docket, and having presided over the hearings related to this matter, at least one of which was attended by individual Defendant Briggs, it is apparent to the Court that all three defendants sought the discovery at issue. For example, in Defendant's "First Requests for Production of Documents to Landfall 2, Inc." [DE 40-1], although the "First Requests for Production" was labeled as being served by Defendant, the RFPs sought information pertaining to the "Datascore Defendants," which Defendant identified as being all three defendants. In other words, it is apparent to the Court that all three defendants sought the discovery at issue, were entitled to the discovery at issue, and are jointly seeking sanctions against Plaintiff. Accordingly, throughout this Report and Recommendation, when referring to Defendant, the Court is effectively referring to all three interrelated Defendants. However, the Court notes that the Counterclaims in this case are *solely* brought by Defendant Datascore Enterprises, Corp. Thus, reference to the Counterclaims solely involves Defendant Datascore Enterprises, Corp.

# I.  BACKGROUND

At the outset, the Court notes that it has had to issue numerous lengthy discovery Orders in this case, has had to spend an inordinate amount of time reviewing the parties' filings, has had to devote an extensive amount of resources to the continuing discovery disputes and violations, and has had to hold two lengthy and involved hearings, all in a frustrating and ultimately unsuccessful effort to get Plaintiff and its counsel to comply with their discovery obligations and this Court's numerous Orders. To summarize, Plaintiff and its counsel have wholly failed to comply with their discovery obligations and have repeatedly violated or failed to comply with Court Orders, as recited at length in this Court's prior Orders. Nonetheless, for the sake of clarity, the Court finds it necessary to repeat the full, tortured procedural history of the case, adding additional relevant detail where necessary. The Court does so because it wants to be crystal clear about Plaintiff and its counsel's misconduct, bad faith, and numerous discovery violations in this case.

### a.  Motion to Compel [DE 40]

On November 15, 2022, Defendant filed a Motion to Compel [DE 40]. The Court set a briefing schedule, requiring Plaintiff to file a response to the Motion to Compel on or before November 23, 2022. [DE 42]. Plaintiff and its counsel ignored this Order and failed to file the response as required by the Court.

Consequently, on November 30, 2022, the Court issued an "Order Granting Defendant Datascore Enterprises, Corp.'s Motion to Compel" [DE 45]. Within the Order, the Court granted Defendant's Motion to Compel by default "due to Plaintiff's failure to respond to the Motion [to Compel] by the deadline imposed by Court Order." [DE 45 at 4]. However, after careful review of

3

the Motion to Compel, the Court also granted the motion on its merits. Specifically, the Court found that Plaintiff's responses to Interrogatories 4, 10, 11, 12, 14, and 22 were plainly deficient. In this regard, the Court ordered Plaintiff to "supplement and provide full and complete answers to Interrogatories 4, 10, 11, 12, 14, and 22 on or before December 5, 2022." *Id.* at 5 (emphasis omitted). The discovery ordered by this Court to be produced by Plaintiff was for the benefit of all three Defendants, who are interrelated and represented by the same counsel. Moreover, "due to Plaintiff's insufficient and dilatory assertion of any privilege, Plaintiff's failure to prepare and timely serve a privilege log, and Plaintiff's failure to respond to the pending Motion [to Compel] as ordered by the Court," the Court found that Plaintiff had waived "any and all privilege objections" as it pertained to the Interrogatories at issue. *Id.*

Further, with respect to "Defendant's request for numerous documents in connection with RFP Nos. 1–21, 23–29, 31, and 36–38," the Court found that the following eight categories of responsive documents enumerated by Defendant were relevant and proportional to the needs of the case:

1. Communications and documents exchanged between and among Landfall's current and former employees, independent contractors, and agents relating to the Software Platform, any of the Datascore Defendants,[4] the alleged Landfall/Datascore Partnership, or the claims and defenses in this case (in accordance with RFP Nos. 5, 6, 21);

2. Communications and documents exchanged between Landfall and any of the Datascore Defendants (in accordance with RFP Nos. 2, 3, 5–7, 13, 18, 21, 23, and 24);

3. Communications and documents exchanged between Landfall and any customers or potential customers relating to the alleged Landfall/Datascore

---

[4] The term "Datascore Defendants" was defined as including all three Defendants. *See* DE 40-1 at 5 ¶ 2.

Partnership, the Software Platform, or Otolox (in accordance with RFP Nos. 5, 6, 8–11, 15, 25, and 29);

4.  Landfall's financial documents such as payroll documents, invoices, receipts for any refunds made, and customer contracts (in accordance with RFP Nos. 9, 14, 29, 36–38);

5.  Trademark and patent materials (in accordance with RFP No. 12);

6.  Documents evidencing Landfall's ownership or development of the Software Platform (in accordance with RFP Nos. 3, 4, 17, and 19);

7.  Documents evidencing the terms, assets, and valuation of the alleged Landfall/Datascore Partnership (in accordance with RFP Nos. 1, 13, 16, 18, 20, 26, 28, and 31); and

8.  Sales and marketing materials for Landfall, Datascore, or the alleged Landfall/Datascore Partnership, including materials related to Otolox (in accordance with RFP Nos 10, 11, 23, 25, and 27).

*Id.* at 6–7. Accordingly, the Court ordered Plaintiff to "produce documents responsive to the eight listed categories of documents above (and therefore responsive to the corresponding RFPs) on or before December 5, 2022." *Id.* at 7 (emphasis omitted). Additionally, since Plaintiff "failed to timely respond to [Defendant's] discovery" production requests, the Court also found that Plaintiff "waived any and all objections to producing said discovery." *Id.* In fact, the Court found that, "to the extent that Plaintiff may seek to object to any of these categories of responsive documents or to the specific requests for production making up said categories, . . . Plaintiff has waived its right to object to the categories of documents and to the requests for production included therein." *Id.*

Because of the then-rapidly approaching December 15, 2022 discovery cutoff date, the uncertainty surrounding discovery, and the December 5, 2022 Court-ordered deadline for Plaintiff to both: (1) provide full and complete answers to Interrogatories 4, 10, 11, 12, 14, and 22; and (2) produce responsive documents, the Court directed Defendant to file, on or before December 9,

2022, "a Notice with the Court, informing the Court as to whether there remains any requisite outstanding discovery." *Id.* at 9. The Court also directed "Plaintiff and its counsel [to] SHOW CAUSE [on or before December 12, 2022] why they should not jointly have to pay Defendant's reasonable expenses, including attorney's fees, incurred by Defendant in bringing th[e] Motion [to Compel]." *Id.* at 8 (emphasis omitted). Importantly, the Court stated:

> failure to comply with this Order and timely produce the discovery as ordered herein may result in all sanctions authorized under the applicable rules and the inherent authority of this Court against both Plaintiff and its counsel. This includes all sanctions available under Fed. R. Civ. P. 37(b)(2), including but not limited to the striking of Plaintiff's pleadings, dismissal of this case with prejudice, and entry of default judgment against Plaintiff.

*Id.* Plaintiff and its counsel never responded to the Show Cause Order. Unfortunately, this failure to respond by Plaintiff and its counsel became a recurring pattern throughout this case.

      b.  <u>Deposition Misconduct Motion [DE 46]</u>

Subsequently, on December 8, 2022, Defendant filed a Motion to Compel and for Sanctions Relating to Plaintiff Landfall 2 Inc.'s Deposition Misconduct ("Deposition Misconduct Motion") [DE 46]. Essentially, according to Defendant, during the depositions of Plaintiff's Rule 30(b)(6) corporate representative, Plaintiff's owner, and three of Plaintiff's employees—taken on November 28, November 29, December 1, and December 2, 2022—Plaintiff's corporate representative (Jason Fine) and Plaintiff's counsel, Darren Aponte, Esq., "engaged in deposition misconduct that was some of the most disruptive and egregious . . . that [Defendant's] lead counsel has ever witnessed." [DE 46 at 1]. Plaintiff's counsel also purportedly improperly instructed

witnesses not to answer without promptly moving for a protective order,[5] and unilaterally terminated the deposition of employee Desiree Widstrand without sufficient cause. *Id.* at 3–5.

Based on the alleged deposition misconduct, Defendant requested sanctions pursuant to Rule 30(d)(2). *Id.* at 5. Defendant further requested that the Court enter an Order: (1) permitting Defendant "to complete its lines of questioning concerning Otolox and any other questions/topics to which [Defendant] instructed the witness not to answer"; and (2) directing Defendant to refrain from unilaterally terminating depositions and/or engaging in disruptive behavior that impedes the examination of any deponent. *Id.* at 5.

The Court ordered expedited briefing on the Deposition Misconduct Motion, requiring Plaintiff to file a response to the Deposition Misconduct Motion on or before 5:00 p.m. on December 12, 2022. [DE 47]. The Court also set a hearing on the Deposition Misconduct Motion, scheduling said hearing for December 13, 2022 at 3:30 p.m., despite the Court's very busy schedule during that time period. Plaintiff and its counsel did not file a timely written response to the Deposition Misconduct Motion as ordered by the Court and instead filed an untimely Motion for Extension of Time [DE 53], which the Court addresses below.

c.   Notice to the Court Regarding Status of Discovery [DE 50]

In the interim period, while the Court awaited Plaintiff's response to Defendant's Deposition Misconduct Motion, on December 9, 2022, Defendant filed a Notice to the Court Regarding Status of Discovery ("Notice") [DE 50], pursuant to the Court's November 30, 2022

---

[5] While Defendant contended Plaintiff's counsel instructed certain witnesses not to answer on bases *other* than privilege, Defendant also contended that Plaintiff's counsel instructed certain witnesses not to answer based on an assertion of privilege, which Defendant argued was waived pursuant to the Court's November 30, 2022 Order.

Order. In the Notice, Defendant stated that, "[a]s of the date of this filing, Plaintiff Landfall 2, Inc.[] . . . has failed to provide any supplemental answers to Interrogatories or produce any additional documents since this Court's November 30th order, in derogation of this Court's order to supplement and produce such discovery by December 5." [DE 50 at 1]. In light of Defendant's allegation of Plaintiff's failure to produce the requisite discovery, and due to the urgency of the matter, the Court noted that it would address the discovery deficiencies during the December 13, 2022 hearing that was already scheduled on Defendant's Deposition Misconduct Motion. [DE 51]. Moreover, in light of the fact that Plaintiff and its counsel had ignored the Court's prior Orders, the Court decided to deal with those matters at the hearing.

       d.  <u>Motion for Extension of Time [DE 53] and Failure to Respond</u>

       Thereafter, on December 12, 2022, Plaintiff filed a belated Motion for Extension of Time to Comply with Court Order Entered on December 8, 2022 [DE 53]. While Plaintiff's untimely Motion for Extension of Time (filed at 8:17 p.m.) referenced the December 12, 2022 5:00 p.m. deadline to respond to Defendant's Deposition Misconduct Motion, Plaintiff's motion made absolutely no reference whatsoever to the response to the Order to Show Cause that was due by the end of December 12, 2022. So, Plaintiff and its counsel ignored that Show Cause Order as well. In any event, it was Plaintiff's counsel's position that he was allegedly unable to timely comply with the Court's December 12, 2022 5:00 p.m. deadline because of recent MRI results that required his urgent attention, and because of an orthopedic issue. [DE 53 at 1–2]. Plaintiff's counsel provided absolutely no documentary or other support for this claim at that time. Thus, the Court ruled on the motion as follows:

First, the Court notes that Plaintiff's Motion was filed *after* the 5:00 p.m. deadline set by the Court to respond to Defendant Datascore Enterprises, Corp.'s Motion to Compel and for Sanctions Relating to Plaintiff Landfall 2 Inc.'s Deposition Misconduct. Second, Plaintiff's Motion does not include any Certificate of Conferral or its functional equivalent, in violation of S.D. Fla. L.R. 7.1(a)(3). Third, Plaintiff's Motion fails to establish good cause and is vague. Fourth, Plaintiff has previously failed to comply with a Court Order entered at DE 42 and now has failed to comply with the Court's Order at DE 47. Fifth, in Plaintiff's Motion (filed at 8:1[7] p.m.), Plaintiff's counsel represented to the Court that he "plans to file a response tonight." It is now the morning of December 13, 2022, and no Response has been filed. Thus, that representation of Plaintiff's counsel to the Court was false, inaccurate, or misleading. Even assuming Plaintiff intended to request an extension beyond last night, Plaintiff's Motion wholly ignores the fact that there is a hearing scheduled for *today*. Accordingly, it is hereby ORDERED that Plaintiff's Motion [DE 53] is DENIED.

[DE 54].

However, although the Court stated that it would not tolerate the violation of its Orders and was frustrated by Plaintiff's and its counsel's repeated pattern of ignoring Court Orders, the Court did not cancel the December 13, 2022 hearing, as the Court did not wish to delay hearing from the parties any further in light of the imminent December 15, 2022 discovery cutoff deadline. [DE 54]. Thus, despite Plaintiff's failure to file a response to the Order to Show Cause or to the Deposition Misconduct Motion—after having already failed to respond to the Motion to Compel [DE 40]— the Court stated that, at the December 13, 2022 Zoom VTC hearing, "Plaintiff and its counsel can address the Court and explain why sanctions and cost shifting should not be imposed upon them." [DE 54].

   e.   The December 13, 2022 Hearing

Plaintiff's counsel appeared at the December 13, 2022 Zoom VTC hearing. In short, Plaintiff's counsel repeated his position contained within the Motion for Extension of Time [DE 53]—that he received MRI results on December 1, 2022 that required his "urgent attention" and

9

precluded him from responding to Defendant's Deposition Misconduct Motion and complying with the Court's December 8, 2022 Order. Plaintiff's counsel provided no affidavit, declaration, medical records or any support whatsoever for his position other than his own self-serving representations to the Court. When questioned by the Court concerning his failure to also respond to the Motion to Compel by November 23, 2022, Plaintiff's counsel represented that he had been having health issues since late October/early November. In this regard, as it pertains to Defendant's representations in the December 9, 2022 Notice [DE 50], Plaintiff's counsel admitted that he had not complied with the Court's November 30, 2022 Order to produce full and complete answers to Interrogatories 4, 10, 11, 12, 14, and 22 and to produce discovery responsive to the aforementioned eight categories of documents, allegedly due to his health issues and to his deteriorating health condition. Plaintiff never once filed any timely motion seeking an extension of time to respond to discovery based on any alleged medical issues. Plaintiff's claim of medical issues came after the fact when Plaintiff and Plaintiff's counsel were confronted with potential sanctions.

Further, as it relates to the conduct alleged in the Deposition Misconduct Motion, during the December 13, 2022 hearing, the Court discussed such conduct with the parties. However, because the transcript, audio, and video of the depositions had not yet been provided to the Court, the Court noted its intent to review the transcripts, audio, and video prior to providing any final ruling on the matter.

f. The Court's December 15, 2022 Omnibus Interim Order on Discovery Motions and [Order] Imposing Sanctions Against Plaintiff and Its Counsel [DE 56]

Following the Court's expedited and lengthy December 13, 3022 hearing, the Court issued an Omnibus Interim Discovery Order on Discovery Motions and [Order] Imposing Sanctions

Against Plaintiff and Its Counsel ("First Omnibus Order") [DE 56]. As noted by the Court in the First Omnibus Order:

> At this juncture, the Court declines to impose the extremely serious sanctions of dismissal or striking of Plaintiff's pleadings under the Court's inherent authority or under any other Rule or law. Indeed, while Plaintiff and its counsel have been unresponsive and have failed to comply with several Court orders, Plaintiff at least attempted to provide *some* discovery prior to the Court's November 30, 2022 Order. Therefore, the Court will reserve jurisdiction to consider and potentially impose more serious sanctions than those imposed in this Order, based upon the entire discovery conduct of Plaintiff and its counsel. The Court will address Defendant's request for those more serious sanctions once the Court rules on the Deposition Misconduct Motion, and will consider the totality of Plaintiff and its counsel's discovery conduct at that time.

[DE 56 at 11]. Stated differently, the Court reserved jurisdiction to impose Rule 37(b) sanctions "pending Plaintiff's compliance or noncompliance with the Court's Order to provide all outstanding discovery on or before December 15, 2022[,] . . . and pending the Court's receipt and review of the relevant deposition transcripts and the audio and/or video of those depositions" in connection with the Deposition Misconduct Motion. *Id.* at 14.

However, with respect to the Motion to Compel [DE 40], turning to Federal Rule of Civil Procedure 37(a)(5)(A), the Court found that none of the exceptions were applicable, and that an award of reasonable expenses, including attorney's fees, was warranted. *Id.* at 11–12. The Court also found that "Plaintiff's failure to comply with the Court's November 18, 2022 briefing schedule on the Motion to Compel—and with the November 30, 2022 Show Cause Order—was not substantially justified, and that no circumstances exist[ed] that would make an award of expenses unjust." *Id.* at 13. Thus, as an additional basis, the Court found that an award of reasonable expenses in connection with the Motion to Compel [DE 40] was appropriate under Rule 16(f)(2). *Id.* at 13.

11

Moreover, with respect to the Deposition Misconduct Motion [DE 46], while the Court reserved ruling on the motion itself and any Rule 37(a) expenses or Rule 37(b) sanctions in connection therewith, the Court did "find that Plaintiff's privilege objections based on the Otolox line of questioning (and any objections connected to the Interrogatories at issue or to the eight referenced categories of documents) ha[d] been waived, both pursuant to the November 30, 2022 Order, and Plaintiff's failure to file a Protective Order." *Id.* at 15. Consequently, the Court ordered an additional two-hour deposition of Jack Agar concerning "Otolox and any other questions/topics to which [Defendant] instructed the witness not to answer," as discussed at the December 13, 2022 hearing. *Id.*

Accordingly, in the First Omnibus Order, the Court set the following deadlines: (1) a December 15, 2022 deadline for Plaintiff to complete and produce all outstanding discovery, including completion of the additional deposition of Jack Agar; (2) a December 19, 2022 deadline for Defendant to "file a Notice with the Court informing the Court as to whether all discovery has been completed," and if not, for Defendant to state the sanctions and/or relief it was requesting; (3) a December 19, 2022 deadline for Plaintiff to "*also* file a Notice with the Court, informing the Court as to its position on whether all discovery due from Plaintiff has been produced";[6] (4) a December 21, 2022 deadline for Defendant to "file the deposition transcripts excerpts, audiotape excerpts, and/or [video] excerpts (including a filing containing the page numbers and time-stamps of the conduct at issue)"; and (5) a December 28, 2022 deadline for Plaintiff to then "respond . . .

---

[6] The Court specifically stated that "[o]nce the Court has both Notices, the Court will issue a further Order." [DE 56 at 16].

and provide additional excerpts or video/audio that refutes such allegations (with a filing containing specific page numbers and time-stamps)."[7] *Id.* at 16–19.

g.   Notice Regarding Status of Discovery and Sanctions Requested [DE 58]

On December 19, 2022, Defendant timely filed a Notice Regarding Status of Discovery and Sanctions Requested [DE 58]. Defendant stated that Plaintiff "failed to produce any additional documents or to supplement its deficient answers to interrogatories" by the December 15, 2022 Court-ordered deadline. [DE 58 at 1]. In fact, while Defendant noted that Plaintiff untimely produced 7.3 gigabytes of additional documents beginning on December 16, 2022, according to Defendant, "the additional production received <u>after</u> the discovery cut-off [was] so incomplete, so disorganized, and so inflated, that it can only lead to the conclusion that Plaintiff is intentionally obstructing the truth-seeking function of discovery." *Id.* at 2.

To this end, Defendant argued that Plaintiff had "demonstrated the classic form of bad faith in discovery misconduct" that could "only be attributed to its refusal to prioritize compliance with Court orders and discovery rules." *Id* at 4. Specifically, in addition to failing to produce discovery responses that were originally due on October 13, 2022, Defendant contended that Plaintiff "*chose* not to manage its time in such a way that it could produce its supplemental discovery before the final discovery deadline." *Id.* Defendant noted that "since December 13, 2022, Plaintiff's corporate representative Mr. Fine, and its counsel, Darren Aponte, chose to spend the days leading up to the discovery cut off on a plane flying between Florida and Washington, and in a conference room

---

[7] The Court also set a December 29, 2022 deadline for Defendant to "file an affidavit or declaration of reasonable expenses, including attorney's fees, which includes the hours claimed and the hourly rate sought, as well as the billing logs for each biller and a statement concerning their qualifications and/or experience." [DE 56 at 16]. However, the Court later altered that deadline.

deposing Defendant Brent Biggs" instead of producing requisite discovery. *Id.* Moreover, with respect to the December 15, 2022 additional deposition of Jack Agar, during said deposition, Defendant stated that "Mr. Agar claimed to be unaware of the Court's December 13th directives, the need to supplement discovery, or the impending discovery cut off," which was "especially problematic because Mr. Agar, along with Mr. Fine, was one of the individuals listed as assisting [with] Landfall's discovery responses." *Id.* at 6–7.

Turning to Plaintiff's belated discovery production, Defendant stated that "[t]he production [wa]s disorganized, ha[d] screenshots with no context, and contain[ed] such an egregious number of duplicate and non-responsive documents that it appear[ed] Landfall's true motivation was to artificially inflate the total page count in order to appear as if they made a good faith effort to locate responsive documents." *Id.* at 7–8. As an example, Defendant noted that the PDF titled "RFP 22"—which was 2,919 pages—contained "the same 13-page TCPA Opinion Letter from the Mac Murray and Shuster law firm" produced *at least fifty times*. *Id.* at 8. Defendant also stated that in the same PDF, there was a 147-page email chain that was produced 9 times, leading to 1,973 pages of duplicate documents in a 2,919-page production. *Id.* And, with respect to the purported disorganization, Defendant stated that there was no discernible organization within each PDF, "such that emails [we]re produced in non-chronological order and without regard to custodian or recipient." *Id.* Indeed, Defendant stated that "the documents were not produced in the manner in which they were kept in the ordinary course of Landfall's business." *Id.*

Beyond being duplicative and disorganized, Defendant contended that many of the documents in Plaintiff's 7.3 gigabytes document dump were also entirely non-responsive. *Id.* For example, Defendant stated that "in response to RFP No. 8, which seeks communications between

Landfall and any third parties, including customers and potential customers, Landfall produced a document titled 'RFP_8_-_1' which totals 8,769 pages." *Id.* at 9–10. However, according to Defendant, the first 360 pages of the production was "simply Datascore's Notice of Removal and attachments." *Id.* at 10. And, "[t]he very next page [wa]s an email from Jason Fine to Landfall personnel forwarding an email chain containing Landfall's Complaint, followed by the Complaint and attachments. Thus, the first 433 pages of this document [we]re just ECF pleadings and not remotely responsive to RFP No. 8, which sought customer communications." *Id.*

Even to the extent the documents produced *were* responsive, Defendant argued that both Plaintiff's late supplemental Answers to Interrogatories 4, 10, 11, 12, 14, and 22, and Plaintiff's late production of documents, were substantially deficient. In support, Defendant addressed each Interrogatory and each of the eight categories of documents referenced earlier, explaining how each was incomplete.

Accordingly, with all these deficiencies in mind, Defendant argued that "[t]his is the rare case where monetary sanctions and repeated warnings from the Court have been, and will continue to be, inadequate to compel compliance." *Id.* at 17. Defendant thus argued that the facts justified imposing the most severe sanctions, and that striking Plaintiff's pleadings, dismissing the case with prejudice, and entering default judgment against Plaintiff—which the Court referenced as potential sanctions in its prior Orders—were the *only* adequate remedies. *Id.* at 18. But assuming the Court was *not* inclined to impose the most severe sanctions, Defendant posited that several "lesser" sanctions were necessary to "allay some of the prejudice to Defendant caused by Plaintiff's actions, and to provide some motivation for Plaintiff to finally begin complying with this Court's rules and orders." *Id.* These lesser sanctions included: (1) dismissal of Plaintiff's

Complaint with prejudice; and (2) "deem[ing] certain facts admitted pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), and prohibiting [Plaintiff] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), with respect to Defendant's Counterclaims." *Id.* at 18–19.

       h.   <u>Plaintiff's Failure to File Its Own Notice and Resulting Court Order</u>

While Defendant timely filed its Notice Regarding Status of Discovery and Sanctions Requested [DE 58] on December 19, 2022, Plaintiff failed to "*also* file a Notice with the Court, informing the Court as to its position on whether all discovery due from Plaintiff has been produced," as required by the Court's First Omnibus Order. [DE 56 at 19]. Therefore, the Court issued a Paperless Order [DE 59], stating as follows:

> First, the Court notes that after entering its Order [DE 56] on December 15, 2022—in which the Court referenced Plaintiff's three separate failures to comply with this Court's orders—Plaintiff has now failed to comply with yet another Court order. Specifically, after directing Plaintiff to "*also* file a Notice with the Court as to its position on whether all discovery due from Plaintiff has been produced" on or before December 19, 2022 [DE 56 at 19], Plaintiff has failed to do so. This represents a continuing pattern of non-compliance with this Court's Orders by Plaintiff and its counsel. Second, the Court is deeply troubled by Defendant's representation that Plaintiff failed to produce additional documents or to supplement its deficient answers to interrogatories by December 15, 2022. Third, and perhaps even more troubling, is Defendant's representation that when Plaintiff ultimately belatedly produced an additional 7.3 gigabytes of documents, "the additional production received <u>after</u> the discovery cut-off is so incomplete, so disorganized, and so inflated, that it can only lead to the conclusion that Plaintiff is intentionally obstructing the truth-seeking function of discovery." [DE 58 at 2]. Accordingly, it is hereby ORDERED that the Court shall conduct a hearing concerning the alleged discovery misconduct, discovery violations, violations of Court Orders, and the potential imposition of sanctions under Fed. R. Civ. P. 37(b), other applicable rules, and the inherent authority of the Court. This hearing shall be conducted via Zoom video teleconference (VTC) on December 27, 2022 at 3:00 p.m. in the West Palm Beach Division before Magistrate Judge William Matthewman.

[DE 59].

    i.   <u>Defendant's Notice of Filing of Deposition Transcripts, Audio, and Video Excerpts
         [DE 61] and Related Filings</u>

On December 21, 2022, Defendant timely filed a Notice of Filing of Deposition

Transcripts, Audio, and Video Excerpts [DE 61]. In the Notice, Defendant stated its counsel "made

a diligent effort to review the video recordings, audio records and transcripts to identify relevant

excerpts, and stand by their description of events stated in the original [Deposition Misconduct]

Motion." [DE 61 at 2]. However, Defendant noted that "[d]uring the video-taped depositions, only

the deposing and defending attorney plus the witness wore a microphone, and accordingly other

audio occurring in the room was rarely picked up." *Id.* In other words, Defendant appeared to

admit many of the specific instances of purported misconduct were not adequately recorded.

Subsequently, on December 27, 2022, prior to the Zoom VTC hearing scheduled for that

day, Plaintiff filed a "Response in Opposition . . . and Cross-Motion for Sanctions Against

Defendants and Defense Counsel for Perpetrating Fraud on the Court Including Striking of

Pleadings," in response to both DE 61 and DE 58.[8] [DE 64].[9] Plaintiff requested "that the Court

Deny Defendants [sic] Sanctions Request . . . and Strike Defendants [sic] Notice on grounds that

Plaintiff has provided evidence sufficient for this Court to determine Defendants' Notice and prior

related filings are not supported by evidence and instead attempt to substantiate allegations through

various misrepresentations and lies."[10] [DE 64 at 1]. To this end, with respect to DE 58 (wherein

---

[8]  Plaintiff's response was timely as to DE 61. To the extent Plaintiff responded to DE 58, such response was uninvited,
as the Court merely wanted Plaintiff's own position on the status of discovery at that time.
[9]  Plaintiff filed the same document at DE 63, albeit without any attachments.
[10]  The Court notes that, to the extent Defendant may have mislabeled multiple filings as only concerning Defendant
Datascore Enterprises, Corp., Plaintiff suffered no apparent confusion, as his Response frequently referred to
*Defendants*.

Defendant had notified the Court about specific instances of missing discovery), Plaintiff maintained that Defendants had made several misrepresentations regarding "Trademark and patent materials," "Sales and Marketing Materials," and "documents concerning ownership or development of the software platform." [DE 64 at 1–2]. Plaintiff "st[ood] ready and able to provide additional documentary evidence of misrepresentations in DE 58 if required at [the December 27, 2022] hearing." *Id.* at 2.

With respect to DE 61, on the other hand, Plaintiff stated that Defendants' allegations within the Deposition Misconduct Motion [DE 46] were "proven to be misrepresentations and lies," utilizing the Declaration of Jason Fine—who had reviewed the recordings and attended the depositions—to refute Defendant's allegations. [DE at 64-1]. Curiously enough, it was not Plaintiff's counsel that addressed the allegations, but Plaintiff's corporate representative himself, necessarily lending credence to Defendant's assertions within the Deposition Misconduct Motion that Plaintiff's corporate representative lodged legal objections and injected himself into the proceedings during several depositions.

However, aside from merely responding (uninvited, at that point) to Defendant's assertions about the lack of discovery production, and to Defendant's assertions about purported deposition misconduct, Plaintiff improperly included a frivolous Cross-Motion for Sanctions within the Response. The Cross-Motion contained copy/pasted Florida law and suggested that "the severest possible sanctions against Defendants are . . . appropriate because its false testimony, which it intentionally moved forward upon in pursuit of a summary judgment, relates to all of the central issues in this case – **namely, whether the mortgage and other closing documents are forgeries**." [DE 64 at 5–6]. The problem with this startling and accusatory allegation and

18

representation was that no summary judgment motion had yet been filed, and in fact, that this was not even a case involving a mortgage or closing documents. Thus, Plaintiff's Cross-Motion for Sanctions was not only frivolous and improper, but it was also false and misleading. Given the particularly egregious allegations in the Cross-Motion for Sanctions—that Defendants were suborning perjury—the Court was deeply concerned with Plaintiff and its counsel's actions and false representations and allegations. In this regard, Plaintiff and its counsel made serious, wholly frivolous, and false allegations against Defendants with no basis in fact or law.

Simply stated, as to the Deposition Misconduct Motion, the Court has reviewed the provided transcripts, and the recorded audio and video, and does not find sufficiently clear evidence of sanctionable *deposition* misconduct, whether viewed individually or in whole (although, the Court does find Defendant entitled to the cost and expenses of the additional two-hour deposition of Jack Agar). The Court will enter a separate Order addressing Defendant's Deposition Misconduct Motion [DE 46] more fully. However, the Court has taken the motion and all related filings into consideration because the Court must consider Plaintiff's discovery conduct as a whole in issuing this Report and Recommendation. That the Court finds insufficient support for Defendant's Deposition Misconduct Motion, in part because it appears that not all statements and actions of Plaintiff and its counsel were recorded by audio or video, does not alter the fact that Plaintiff frivolously, falsely, and maliciously accused Defendant of suborning perjury, or that Plaintiff's corporate representative, in essence, addressed the Deposition Misconduct Motion instead of Plaintiff's actual legal counsel.

j.  <u>December 27, 2022 Hearing</u>

During the December 27, 2022 Zoom VTC hearing, Defendant represented that there had been no change concerning the items missing from Plaintiff's discovery production since the filing of its December 19, 2022 Notice, with the exception of a small production of documents that morning. In fact, Defendant stated that Plaintiff's discovery production pertaining to all eight categories of information referenced in the Court's November 30, 2022 and December 15, 2022 Orders [DEs 45 and 56] remained incomplete and deficient. At that point, the Court was quite concerned, as the discovery cutoff date had passed and substantive motions were soon due.

With respect to the first category of documents—"[c]ommunications and documents exchanged between and among Landfall's current and former employees, independent contractors, and agents relating to the Software Platform, any of the Datascore Defendants, the alleged Landfall/Datascore Partnership, or the claims and defense in this case (in accordance with RFP Nos. 5, 6, 21)"—Plaintiff admitted that its discovery production was incomplete and deficient. However, as to the remaining seven categories of documents, while the Court wanted to hear exactly what documents had or had not been produced, Plaintiff's counsel represented, after the hearing had progressed for some time, that he was not feeling well and was in a lot of pain. This claim arose after it was clear to the parties that the Court was going to go through each category of discovery to determine what had or had not been produced by Plaintiff as ordered. Nonetheless, although dubious of the last-minute illness claims of Plaintiff's counsel, the Court terminated the

hearing early, making certain rulings in a December 29, 2022 Second Omnibus Interim Discovery Order ("Second Omnibus Order") [DE 67].[11]

But before the Court could issue its Second Omnibus Order, on December 27, 2022—after the Court had *just* discussed Plaintiff's improper and wholly frivolous Cross-Motion for Sanctions during the Zoom VTC hearing earlier that same day, and after Plaintiff admitted that this case does not concern a mortgage (and therefore that the motion contained completely false and frivolous representations)—Plaintiff once again filed *the exact same Response in Opposition and Cross-Motion for Sanctions* that had been filed at DE 64, merely with a different second attachment. *See* DE 66. Accordingly, not only did Plaintiff and its counsel demonstrate an inability to follow Court deadlines and to participate in the discovery process, but Plaintiff's counsel, too, showed a complete misunderstanding of CM/ECF and how to properly file documents with the Court, as well as a complete and cavalier disregard as to the veracity of documents being filed with the Court.[12] Incredibly, Plaintiff and its counsel continued to parrot the same false and frivolous allegations of suborning perjury against Defendants in a further filing after being called to task by the Court on these same false allegations at the December 27, 2022 hearing. It was becoming quite clear to the Court at this point that Plaintiff and its counsel had absolutely no respect for the truth or the veracity of their allegations and representations.

---

[11] Clearly, then, Plaintiff did not "stand ready and able to provide additional documentary evidence of misrepresentations in DE 58 if required at [the December 27, 2022] hearing." [DE 61 at 2]. Instead, based on his demeanor and the conduct of the hearing, the Court believes that Plaintiff's counsel feigned illness in an effort to avoid having to account for his misconduct and for Plaintiff's failure to produce Court-ordered discovery.

[12] As noted in the Court's Second Omnibus Order, the *third* filing of this same document eliminated the Declaration from Jack Fine [DE 64-2] that was wholly unrelated to any discovery issue pending before the Court. Thus, the Court considered DE 66 the operative filing. [DE 67 at 4].

k.   The Court's Second Omnibus Order [DE 67]

In the Court's December 29, 2022 Second Omnibus Order, the Court first addressed

Plaintiff's actions in filing the combined Response / Cross-Motion for Sanctions, stating:

> To the extent Plaintiff's Response untimely references issues concerning discovery
> production, the Court will take note of the untimeliness as a further factor in this
> case but will nonetheless consider the Response before determining whether any
> additional sanctions are appropriate. Similarly, the Court will consider the
> Response when ruling on Defendant's Motion to Compel and for Sanctions
> Relating to Plaintiff's Deposition Misconduct [DE 46]. However, to the extent
> Plaintiff's Response [DE 64] purports to be a Cross-Motion for Sanctions, the Court
> is not going to treat the Response as a motion. This is because any motion filed in
> this Court must be filed separately, in proper form with a proper Certificate of
> Conferral as to that specific motion, and cannot be contained within a response. If
> Plaintiff wishes to file a separate motion, Plaintiff is free to do so after good faith
> conferral and compliance with the Local Rules.

[DE 67 at 3]. Nonetheless, while the Court stated it was not treating Plaintiff's Response and Cross-

Motion for Sanctions as an actual motion, the Court noted that it would consider the demonstrably

false and frivolous allegations contained therein when coming to an ultimate determination as to

appropriate sanctions in this case. *Id.* at 4.

Next, as part of the Second Omnibus Order, the Court also noted that, because Plaintiff's

counsel represented that he was not feeling well during the December 27, 2022 hearing, "the Court

was unable to fully address the status of all outstanding discovery." *Id.* at 4. The Court therefore

directed Plaintiff and Defendant to each file an Affidavit or Declaration with the Court, on or

before January 6, 2023. *Id.* Specifically, the Court directed Defendant to file a Declaration or

Affidavit "stat[ing] what has *not* been produced, utilizing the aforementioned eight categories of

documents." *Id.* In a similar vein, the Court directed Plaintiff to file a Declaration or Affidavit

"stat[ing] what has *and* what has not been produced as to those eight categories, and [to] state why any outstanding documents have not been produced." *Id.* at 4–5.

Further—and perhaps most importantly—the Court required Defendant to "file a brief memorandum in support of any sanctions it is requesting" on or before January 6, 2023. *Id.* at 5. On this matter, because Plaintiff's counsel had not yet addressed Defendant's requested sanctions in writing, the Court stated:

> Plaintiff shall then have until **January 13, 2023** to file a response [to the sanctions memorandum], and Defendant shall have until **January 18, 2023** to file a reply. While the Court is cognizant that Defendant has already addressed the sanctions it is requesting as part of the December 19, 2022 Notice, the Court wants to provide the parties another opportunity to address the missing discovery and to allow Plaintiff to respond *in writing* to Defendant's requested sanctions.

*Id.* (underlined emphasis added).[13]

Finally, at the conclusion of the Court's Second Omnibus Order, noting that discovery still remained outstanding—and that the Court continued to deal with the remnants of Defendant's November 15, 2022 Motion to Compel "with expenses therefore continuing to accrue in litigating the Motion to Compel to its conclusion"—the Court made the "affidavit or declaration of reasonable expenses, including attorney's fees, which includes the hours claimed and the hourly rate sought, as well as the billing logs for each biller and a statement concerning their qualifications and/or experience" that had previously been due on December 29, 2022, due instead on January 6, 2023. *Id.* With this new deadline in mind, the Court directed Plaintiff and its counsel to respond on or before January 13, 2023 to the affidavit or declaration of reasonable expenses and to "state

---

[13]  As described in more detail below, Plaintiff never responded directly to Defendant's requested sanctions. Plaintiff has not once directly addressed Defendant's request for severe sanctions or provided its position on whether lesser sanctions are appropriate, despite the Court giving Plaintiff and its counsel opportunities to do so.

any objections they wish[ed] to assert as to the amount of reasonable expenses, including attorney's fees, claimed by Defendant, as well as any objections to the time sought or hourly rate claimed."[14] *Id.* at 5–6.

        l.   Plaintiff's Notice of Filing Documents [DE 69]

On January 6, 2023, Plaintiff filed a Notice of Filing Documents [DE 69], which included the "Declaration of Darren Aponte, Esq. in Opposition to the Issuance of Sanctions Against Landfall 2, Inc.,"[15] and the Declarations of three other individuals concerning Plaintiff's health condition. *See* DE 69. In Mr. Aponte's (Plaintiff's counsel's) Declaration, he addresses issues producing discovery on the night of the December 15, 2022 discovery cutoff deadline,[16] including a "conversion issue . . . on the Goldfynch platform." [DE 69-1 at 1–2]. Moreover, with respect to his actions in failing to file a Notice concerning discovery on or before December 19, 2022 as required by Court's First Omnibus Order [DE 56], Plaintiff's counsel states he "read the order on [his] 11-inch travel laptop" and "missed the portion of the order instructing [Plaintiff] to file a notice." *Id.* at 2. And, Plaintiff's counsel details his purported orthopedic health issues, which he states "began to be noticeable in 2015." *Id.* at 2–9.

As to his recent ailments, Plaintiff's counsel maintains that he sustained an injury to his right hip on November 10, 2022, which "caused [his] hip to worsen considerably." *Id.* at 4. He

---

[14] As also referenced below, Plaintiff never responded to Defendant's affidavit or declaration of reasonable expenses, including attorney's fees.

[15] Again, the Court reiterates that the Notice of Filing [DE 69], which included the Declaration in Opposition to the Issuance of Sanctions, was not responsive to Defendant's subsequently-filed January 6, 2023 Memorandum in Support of Sanctions Requested [DE 71]. Plaintiff was to file a response to Defendant's January 6, 2023 Memorandum in Support of Sanctions, on or before January 13, 2023. It failed to do so.

[16] Documents filed after the Second Omnibus Order are addressed in present tense, because they are now before the Court for consideration as part of this Report and Recommendation.

therefore "was out of the office for several days, during the months of November and December" and was also out during Thanksgiving week "dealing with what turned out to be an infection in [his] jaw." *Id.* at 4. Beyond his lingering hip condition, Plaintiff's counsel also notes that an MRI taken on November 30, 2022 revealed a "small mass in [his] sacrum" that needed to "be tested further to ascertain whether it [was] dangerous." *Id.* at 5.

Even further, Plaintiff's counsel argues that his back condition recently worsened because of his attendance at several depositions in Seattle on the eve of the discovery cutoff deadline.[17] In fact, upon returning, Plaintiff's counsel states that "[o]n Tuesday, September 20, 2022,"[18] he checked into the emergency room and was diagnosed with Severe Bilateral Degenerative Hip Joint Disease and prescribed strong opioid painkillers "to deal with the injuries sustained during the two flights." *Id.* at 5. In support of his claimed back pain, Plaintiff's counsel has attached several photos of him lying on the floor of the airplane. *Id.* Plaintiff's counsel has also attached medical documents from around December 20, 2022—including an x-ray impression—confirming "Severe Bilateral Degenerative Hip Joint Disease." [DE 69-1 at 51–90]. Moreover, Plaintiff has attached a letter from David M. Joyce, D.O., stating that Plaintiff's counsel "is a patient of [his] with worsening right hip pain and MRI findings of a pre-sacral mass of unknown etiology." [DE 69-1

---

[17] Interestingly, while Plaintiff's counsel claimed his purported medical conditions prevented him from responding to discovery and Court orders in a timely manner, Plaintiff's counsel was quite able to fly across the country to take depositions in Seattle when it suited him. On this matter, Plaintiff's counsel noted that he informed Judge "Matthewson" that he was terrified of what would happen on his flight to Seattle during the December 13, 2022 hearing. [DE 69-1 at 5]. However, it seems these "terrifying" concerns did not prevent him from taking several depositions in Seattle when it suited him. Plaintiff's counsel inexplicably was able to fly across the country to take depositions in an apparent effort to support Plaintiff's case while simultaneously claiming an inability to produce discovery to Defendant due to Plaintiff's counsel's purported medical ailments. Moreover, Plaintiff's counsel was healthy enough to file the false and frivolous "Cross-Motion" previously addressed above. The Court finds that the Plaintiff's counsel's claims throughout this case lack any credibility whatsoever.

[18] It appears Plaintiff's counsel meant December 20, 2022.

at 92]. None of the filings in any way establish justification for Plaintiff's counsel's failure to repeatedly comply with Court orders and rules, or establish a basis that discovery could not be produced in a timely and complete manner.

In sum, Plaintiff's counsel argues that his "recent health concerns have coincided with and are directly attributable to, the recent difficulties in complying with orders of the Court." *Id.* at 7. By way of example, Plaintiff's counsel states his failure to respond to the December 7, 2022 Deposition Misconduct Motion was because he was "out working to secure medical services and insurance on both December 8, 2022, and December 9, 2022." *Id.* But even so, Plaintiff's counsel points to several emails to opposing counsel concerning his condition and to his "good faith" efforts to cooperate during the discovery process "[w]hile dealing with these health concerns." *Id.* at 8.

   m.   Declaration Regarding Defendant Datascore Enterprise, Corp.'s Attorneys' Fees
        and Expenses Per DE 56 and 67 [DE 70]

On January 6, 2023, Defendant timely filed its Declaration Regarding Defendant Datascore Enterprise, Corp.'s Attorneys' Fees and Expenses Per DE 56 and 67 ("Declaration Regarding Attorneys' Fees") [DE 70]. The Court has already found that an award of reasonable expenses, including attorney's fees, is warranted, as part of the Court's First Omnibus Order [DE 56]. The Court will therefore issue a separate Order awarding Defendant its reasonable expenses, including attorney's fees, in connection with Defendant's efforts in litigating the Motion to Compel [DE 40] to its conclusion. However, Defendant's Declaration Regarding Attorneys' Fees [DE 70] is referenced in this Report and Recommendation because of Plaintiff's failure to file the required

response thereto, as required by the Court's December 29, 2022 Second Omnibus Order. [DE 67 at 5]. This is simply another failure to comply with a Court Order by Plaintiff and its counsel.

> n.  <u>Declaration of Counsel Regarding Status of Discovery and Memorandum in Support of Sanctions Requested Pursuant to Second Omnibus Interim Discovery Order [DE 71]</u>

In Defendants' January 6, 2023 Declaration of Counsel Regarding Status of Discovery and Memorandum in Support of Sanctions Requested Pursuant to Second Omnibus Interim Discovery Order [DE 71], Defendants begin by noting that "[t]his is now Defendants' third Notice to the Court and fourth submission to the Court regarding Plaintiff Landfall's deficient and late discovery responses and document production, since Defendant's Motion to Compel Discovery [DE 40] was filed on November 15, 2022."[19] [DE 71 at 1]. According to Defendants:

> [Plaintiff's] repeated failures to timely submit briefing explaining its own discovery production as ordered by the Court have resulted in this wholly unnecessary iterative process: the Court orders both parties to submit briefing; [Plaintiff] ignores the order; the Court is deprived of this information, which it needs to properly resolve the pending issues; the Court then necessarily relies on [Defendants] to provide such information; and [Defendants] must submit more briefing.

*Id.* at 2.

After then noting that Plaintiff did not produce a single document or supplemental discovery response between the Court's November 30, 2022 Order on Defendant's Motion to Compel and the December 15, 2022 discovery cutoff deadline, Defendant contends that it was "forced to file a *partial* motion for summary judgment and could not move for summary judgment

---

[19] Defendant had previously filed the two Notices on behalf of Defendant Datascore Enterprises, Corp. To the extent that the Declaration [DE 71] appears to switch back and forth between "Defendant" and "Defendants," the Court addresses the Declaration as being filed on behalf of all three defendants where appropriate. *See* note 3, *supra*.

on [Defendant's] counterclaims without the discovery from [Plaintiff]." *Id.* at 2–3. Thus, Defendant argues that Plaintiff's "discovery misconduct has had a practical and substantive prejudicial impact on [Defendant's] ability to properly litigate this case or avoid the expense of going to trial on issues with no material factual dispute." *Id.* at 3.

Next, with respect to Plaintiff's "entirely untimely" supplemental document production, Defendants note that they "went the additional step of grouping [their] Requests for Production . . . into the broader eight categories to ease in [Plaintiff's] document collection efforts," with said "spoon-feeding" not being "typical or usually necessary in cases of this complexity in federal court." *Id.* However, in spite of their efforts to simplify the discovery process, Defendants state that Plaintiff "provided a 'document dump' of over 7.3 gigabytes of documents in a format that was utterly unusable [in] what can only be described as intentional gamesmanship and obfuscation." *Id.* Indeed, Defendants note that their efforts in combing through Plaintiff's belated discovery production would "not have been required at all if [Plaintiff] produced its documents either in native format as native files or complete exports[,] . . . as they were kept in [Plaintiff's] usual course of business . . . or, at the very least, without nonsensically combining documents into . . . massive PDFs for no discernable reason." *Id.* at 5–6. In this regard, although Defendants note that they use Everlaw software (which has de-duplication capability), Defendants maintain that the manner in which Plaintiff compiled and produced its supplemental document production resulted in metadata becoming corrupted or missing, thereby rendering Everlaw unable to identify every duplicative document. *Id.* at 6.

In any event, after reviewing the late production for completeness, Defendants argue that "[n]one of the deficiencies in the eight categories addressed in the second Notice [DE 58] were

fully cured." *Id.* In doing so, Defendants address each of the eight categories of documents referenced in the Court's earlier orders in great detail, specifically identifying which documents are missing. *Id.* at 7–15. Based on this missing discovery, Defendants posit that:

> This is the rare case where monetary sanctions and repeated warnings from the Court have been, and will continue to be, inadequate to compel compliance. Even after the Court warned counsel at the very first scheduling hearing about the importance of following rules, Plaintiff continued to fall far short in compliance. Even after the Court warned Plaintiff in multiple show cause orders about the need to respond, it refused to do so. And, even after the Court awarded sanctions for Defendants' fees related to the Motion to Compel, Landfall still breached the Court's order to timely supplement its discovery. Landfall is either intentionally obstructing the truthseeking function of discovery, choosing not to prioritize its discovery obligations, or both.

*Id.* at 17–18. Consequently, Defendants argue that the facts in this case justify "the most severe sanctions." *Id.* at 18. In other words, Defendants again note that "the striking of Plaintiff's pleadings, dismissal of this case with prejudice, and entry of default judgment . . . are the *only* adequate remedies under the circumstances." *Id.* at 18.

However, if the Court is not inclined to order these severe sanctions, Defendants assert "the following lesser sanctions are necessary to allay some of the prejudice to Defendant caused by Plaintiff's actions": (1) dismissal of Plaintiff's Complaint in its entirety with prejudice; (2) deeming certain facts admitted pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i); (3) prohibiting Plaintiff from introducing designated matters into evidence pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) with respect to Defendant's Counterclaims; and (4) "hold[ing] the Landfall Corporate Representative and its employees to their deposition testimony and prohibit[ing] them from changing, amending, or supplementing their deposition testimony at trial." *Id.* at 19. Defendants note, however, that these lesser sanctions would only "alleviate (but not eliminate, as entry of a default judgment

would) some of the prejudice to Defendants resulting from Plaintiff's discovery violations." *Id.* at 19–20.

Despite the Court's explicit statement that Plaintiff "shall . . . have until **January 13, 2023** to file a response" to Defendant's "brief memorandum in support of any sanctions it is requesting," and despite the Court's statement that it "wants to provide the parties another opportunity to address the missing discovery and to allow Plaintiff to respond *in writing* to Defendant's requested sanctions," DE 67 at 5, incredibly, Plaintiff failed to file the requisite response, leaving this Court without Plaintiff's unrebutted position on the specific sanctions requested by Defendants despite Plaintiff being given multiple opportunities to do so. This represents yet another violation of a Court Order by Plaintiff and its counsel. Moreover, by failing to respond to Defendant(s)' request for sanctions as directed by the Court, Plaintiff and its counsel have waived any defense or objection thereto.

o.   Plaintiff's Declaration Regarding Discovery Produced [DE 72]

In the Court's Second Omnibus Order [DE 67], the Court required Plaintiff to file an Affidavit or Declaration on or before January 6, 2023 "stat[ing] what has *and* what has not been produced as to [the] eight categories [of information], and [to] state why any outstanding documents have not been produced." [DE 67 at 4–5]. Plaintiff belatedly filed a Declaration Regarding Discovery Produced [DE 72], on January 7, 2023. In the Declaration, Plaintiff's counsel details his failure to produce discovery prior to the December 15, 2022 discovery cutoff deadline and attributes such failure to internet and health issues. [DE 72 at 2–3].

Further, Plaintiff's counsel contends that his discovery production on November 28, 2022 "constituted most of the discovery available in this case, and consisted of e-mails, text messages,

30

and other digital files relevant to this case." *Id.* at 3. Plaintiff's counsel thereafter attests that the documents were provided to defense counsel in native format, and that "many documents relevant to the respective categories were delivered . . . as files in the ordinary course of business." *Id.* at 4. Plaintiff then goes through each of the eight categories of documents, explaining what has been produced, and has filed a Notice of Filing at DE 73 containing several attachments in support. [DE 72 at 4–6].

However, for many categories, Plaintiff's counsel merely notes that Plaintiff provided documents responsive to the RFPs on December 16, 2022, completely ignoring Defendant's December 19, 2022 Notice, in which Defendant stated the specific issues it was having with Plaintiff's production in great detail. The failure of Plaintiff and its counsel to directly, honestly, and fully address Plaintiff's belated discovery production as asserted by Defendants speaks volumes to this Court and leads this Court to the inescapable conclusion that Plaintiff and its counsel have purposely delayed, frustrated and obfuscated discovery in this case at every turn.

p.  <u>Plaintiff's Subsequent Issues</u>

On December 29, 2022, Defendant filed a "Motion for Partial Summary Judgment Against Plaintiff Landfall 2 Inc." [DE 68]. Plaintiff failed to file a response. While this matter is now pending before Judge Middlebrooks, it is further evidence of Plaintiff and its counsel's noncompliance with Court rules and Orders and cavalier attitude throughout this case.

Additionally, on January 30, 2023, the collective Defendants filed a Certification of Plaintiff's Non-Compliance with Preparation of Joint Pretrial Stipulation [DE 75]. Defendants represented that Plaintiff failed to participate in the filing of the Joint Pretrial Stipulation, and that Plaintiff's counsel (when he did respond), stated that he had been out with what he believed or

hoped was COVID. [DE 75 at 2–5]. This noncompliance even further shows Plaintiff and its counsel's continued pattern of violating and cavalierly ignoring Court Orders in this case. The Court is shocked and frustrated by the continuing misconduct, violation of rules and Orders, and cavalier attitude of Plaintiff and its counsel in this case.

## II. <u>ANALYSIS</u>

Federal Rule of Civil Procedure 37(b)(2)(A) states in part that, if a party "fails to obey an order to provide or permit discovery," the court where the action is pending "may issue further orders." Fed. R. Civ. P. 37. These orders may include the following:

> **(i)**   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)**  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)**  staying further proceedings until the order is obeyed;
> **(v)**   dismissing the action or proceeding in whole or in part;
> **(vi)**  rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and [e]nsure the integrity of the discovery process." *Dawson v. Carnival Cruise Lines, Inc.*, No. 11-23428-CIV, 2012 WL 13013174, at *2 (S.D. Fla. June 19, 2012) (quoting *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). However, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort—ordered only if noncompliance with discovery orders is due

to willful or bad faith disregard for those orders." *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)). "District courts will only impose the severe sanctions listed in Rule 37(b) upon finding (1) that the party's failure to comply with the order was willful or a result of bad faith, (2) the party seeking sanctions was prejudiced by the violation, and (3) a lesser sanction would fail to adequately punish and be inadequate to ensure compliance with court orders." *Durant v. Optimum Outcomes, Inc.*, No. 13-60651-CIV, 2014 WL 11531640, at *2 (S.D. Fla. Mar. 3, 2014) (alteration omitted) (quoting *Costa v. Datapro, Inc.*, No. 10-23172-CIV, 2011 WL 7318760, at *6 (S.D. Fla. Aug. 5, 2011)). Thus, the "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "[I]t is [also] important to note that, in selecting a sanction, a court should not punish the client when it was the attorney that was responsible for the violations." *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 574 (S.D. Fla. 2001).

In addition to Rule 37(b), the Court can also impose sanctions pursuant to the Court's inherent power. The Court's inherent power is derived from the Court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal citations and quotation marks omitted). Courts have long been recognized as having certain implied powers that are "necessary to the exercise of all others." *Id. at* 43 (citing *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). These powers are "governed not by rule or statute but by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A court's "inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Id.* at 46.

A federal court possesses the inherent power to impose sanctions when there has been willful misconduct. *Id.* at 43. To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith. *McDonald v. Cooper Tire & Rubber Co.*, 186 F. App'x. 930, 931 (11th Cir. 2006); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002); *see also Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (noting that "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith") (citation and quotations marks omitted).

a. <u>Willful and Bad Faith Noncompliance / Misconduct</u>

Here, pursuant to Rule 37(b) and the Court's inherent authority, the Court finds that Plaintiff and its counsel have willfully and in bad faith demonstrated a continuing pattern of noncompliance with Court Orders and rules, and have engaged in bad faith discovery misconduct. Indeed, Plaintiff and its counsel have failed to comply with numerous Court Orders. Specifically, Plaintiff and its counsel:

1.  Failed to comply with the Court's November 15, 2022 Order [DE 42], directing Plaintiff to file a response to Defendant's Motion to Compel [DE 40] on or before November 23, 2022;

2. Failed to comply with the Court's Order Setting Discovery Procedure [DE 43], directing the parties to engage in good-faith personal conferral, and to engage in a cooperative and professional manner, regarding discovery and discovery disputes;[20]

3. Failed to comply with the Court's November 30, 2022 Order [DE 45], directing Plaintiff to supplement and provide full and complete answers to Interrogatories 4, 10, 11, 12, 14, and 22, and to produce documents responsive to the aforementioned eight categories of documents, on or before December 5, 2022;

4. Failed to comply with another portion of the Court's November 30, 2022 Order [DE 45], directing Plaintiff and its counsel to show cause as to why they should not jointly have to pay Defendant's reasonable expenses, including attorney's fees, incurred by Defendant in bringing the Motion to Compel;

5. Failed to comply with the Court's December 12, 2022 Paperless Order, directing that Plaintiff file a response to the Deposition Misconduct Motion on or before 5:00 p.m. on December 12, 2022;[21]

6. Failed to comply with the Court's December 15, 2022 First Omnibus Order [DE 56], directing Plaintiff to "*also* file a Notice with the Court, informing the Court as to its position on whether all discovery due from Plaintiff has been produced," on or before December 19, 2022;

---

[20] Plaintiff and its counsel have violated the letter and spirit of the Court's Order Setting Discovery Procedure throughout this case.
[21] As noted earlier, Plaintiff belatedly filed a Motion for Extension of Time after the deadline.

7. Failed to comply with the Court's Second Omnibus Order [DE 67], directing Plaintiff to file a response to Defendant's "brief memorandum in support of any sanctions it is requesting," on or before January 13, 2023;

8. Failed to comply with another portion of the Court's Second Omnibus Order [DE 67], directing Plaintiff and its counsel to respond on or before January 13, 2023 to Defendant's affidavit or declaration of reasonable expenses and to "state any objections they wish[ed] to assert as to the amount of reasonable expenses, including attorney's fees, claimed by Defendant, as well as any objections to the time sought or hourly rate claimed"; and

9. Failed to comply with another portion of the Court's Second Omnibus Order [DE 67], directing Plaintiff to file a Declaration or Affidavit concerning what had and had not been produced in discovery, on or before January 6, 2023.[22]

While each violation, standing alone, could perhaps be attributable to simple negligence, misunderstanding, or the inability to comply, *see Malautea*, 987 F.2d at 1542, the sheer number of continuous and repeated violations leads this Court to the inescapable conclusion and finding that Plaintiff and its counsel have demonstrated a willful and bad faith disregard of this Court's Orders, rules, and of the discovery process. This represents a clear and continuing pattern of bad faith and dilatory conduct, by both Plaintiff and Plaintiff's counsel. Although Plaintiff's counsel now blames his numerous failures to comply with this Court's Orders and to timely provide requisite discovery on a number of different health issues, "Plaintiff's claim of medical issues

---

[22] As also noted earlier, Plaintiff belatedly filed the corresponding Declaration on January 7, 2023.

came after the fact when Plaintiff and Plaintiff's counsel were confronted with potential sanctions." [DE 56 at 9]. The Court finds that Plaintiff's counsel's claims lack credibility and lack sufficient factual support, especially considering much of Plaintiff's belatedly produced medical documents addressed periods of time both before this case was removed to federal court, and after the discovery cutoff had passed.

It is quite telling that not once did Plaintiff or its counsel file a motion seeking any relief *before* missing a discovery deadline or *before* failing to comply with this Court's Orders. Plaintiff never once sought a stay or any relief whatsoever based on asserted health concerns. Plaintiff and its counsel were clearly able to file motions and papers, and were able to pursue discovery they wanted, when it suited them. And yet even still, to date, Plaintiff has filed *nothing* on the docket demonstrating compliance with several portions of the Court's Second Omnibus Order [DE 67]— that is, the Court's requirement that, on or before January 13, 2023, Plaintiff file a response to Defendant's sanctions memorandum, and file a response to Defendant's affidavit concerning reasonable expenses. In fact, Plaintiff and its counsel have apparently decided to cavalierly ignore the Court's Orders and applicable rules in this case. It is noteworthy that Plaintiff has now failed to file a response to Defendant's partial summary judgment motion, and—according to opposing counsel—has failed to participate in the filing of the Joint Pretrial Stipulation, demonstrating a continuing pattern of noncompliance. Thus, the Court easily finds that Plaintiff and its counsel have willfully and in bad faith disregarded this Court's Orders and applicable rules, and have engaged in willful and dilatory discovery misconduct on account of their failure to timely provide requisite discovery.

b. Prejudice

Next, the Court must consider the prejudice that Defendant has suffered when considering potential sanctions. *See Durant*, 2014 WL 11531640, at *2. Here, the Court finds that Defendant has undoubtedly suffered severe prejudice. As aptly noted by Defendant in its Declaration of Counsel Regarding Status of Discovery and Memorandum in Support of Sanctions Requested Pursuant to Second Omnibus Interim Discovery Order [DE 71],

> [Plaintiff's] repeated failures to timely submit briefing explaining its own discovery production as ordered by the Court have resulted in this wholly unnecessary iterative process: the Court orders both parties to submit briefing; [Plaintiff] ignores the order; the Court is deprived of this information, which it needs to properly resolve the pending issues; the Court then necessarily relies on [Defendant] to provide such information; and [Defendant] must submit more briefing.

[DE 71 at 2]. Consequently, Defendant (and this Court) have wasted countless hours on this case in a failed effort to simply get Plaintiff to participate in good faith in this case and to provide requisite discovery.

Plaintiff's habit and continued pattern of missing deadlines and filing Declarations with this Court after-the-fact—"for any and all purposes"[23]—is not well-taken. In fact, Defendant contends that it has been unable to obtain the discovery needed to move for summary judgment on its Counterclaims because of Plaintiff's actions (or, what may more accurately be described as inactions). Incredibly, after Defendant specifically (and in great detail) stated which documents it was missing in its **December 19, 2022** filing with the Court, Plaintiff's final filing concerning missing discovery was an *untimely* Declaration in which Plaintiff's counsel asserted that documents responsive to seven of the eight categories of documents had been produced on

---

[23] [DE 69 at 1].

**December 16, 2022**, without any additional detail. *See* DE 72 at 5–6. This was therefore likely a false—or at the very least misleading—assertion by Plaintiff and Plaintiff's counsel.

Though Plaintiff's counsel may proclaim he "made every effort to cooperate in good faith with the defense counsel during the discovery process," the record evidence overwhelmingly demonstrates otherwise. Because both parties are entitled to all necessary discovery in order to prove their case—and because Plaintiff has unquestionably failed in this regard (and has also failed to respond to this Court's Orders)—the Court also easily finds that Defendant has been severely prejudiced by Plaintiff's actions. Indeed, trial is slated to begin in less than three weeks and Plaintiff *still* has not been provided with all necessary and Court-ordered discovery.

c.  Lesser Sanctions Are Insufficient

Next, the Court must consider whether "a lesser sanction would fail to adequately punish and be inadequate to ensure compliance with court orders." *Durant*, 2014 WL 11531640, at *2. Here, Plaintiff and its counsel have violated numerous Court Orders, even *after* the Court found that an award of reasonable expenses, including attorney's fees, was warranted in connection with litigating the Motion to Compel [DE 40] to its conclusion. Plaintiff and its counsel have also made demonstrably false allegations of suborning perjury against Defendant on more than one occasion, even after being called to task by the Court for such false allegations. Now, Plaintiff and its counsel have chosen to ignore this case, and have failed to respond to Defendant's sanctions memorandum, Defendant's affidavit of attorney's fees, Defendant's partial summary judgment motion, and to efforts to jointly file the pretrial stipulation—all while facing severe sanctions, including dismissal of Plaintiff's claims with prejudice, striking of the pleadings, and entry of default judgment, which the Court has previously warned Plaintiff about.

39

Therefore, based upon the entirety of Plaintiff and its counsel's bad faith misconduct, the Court finds that dismissal with prejudice of Plaintiff's Complaint [DE 1-3] against Defendants Datascore Enterprises, Corp., Datascore-AI, LLC, and Brent Biggs is necessary and appropriate. Further, the Court finds that the striking of Plaintiff's pleadings—that is, Plaintiff's Answer to Defendant Datascore Enterprises, Corp.'s Counterclaim [DE 28]—is necessary and appropriate. The Court also finds that any lesser sanction would both fail to adequately punish Plaintiff and its counsel and would be inadequate to ensure compliance with this Court's Orders and rules. In making this finding, the Court has considered all lesser sanctions available and is not convinced that any lesser sanctions are appropriate, especially considering that "overleniency is to be avoided where it results in inadequate protection of discovery." *Inmuno Vital, Inc.*, 203 F.R.D. at 573. Indeed, the Court finds that any lesser sanction would merely result in additional prejudice to Defendant. Simply stated, if Plaintiff's counsel was truly having medical issues, the appropriate remedy in this case was to file an appropriate motion seeking appropriate relief, and/or bring on co-counsel to properly handle the case. Plaintiff's counsel has an ethical duty to handle this case properly, diligently, and in accordance with Court orders and requirements, yet he has utterly failed in his ethical duties.

Only the harshest of sanctions here will suffice. In this regard, while the Court is cognizant that "in selecting a sanction, a court should not punish the client when it was the attorney that was responsible for the violations," *Inmuno Vital, Inc.*, 203 F.R.D. at 574, the Court finds that the client here (Plaintiff) was substantially involved in the litigation such that it would not be inappropriate to punish Plaintiff for its counsel's transgressions. *See id.* As an example, the Court points to DE 64, in which Plaintiff's counsel cursorily addressed the Deposition Misconduct Motion, while at

the same time, Plaintiff's corporate representative filed a 21-page, 188-paragraph Declaration in response. [DEs 64 and 64-1]. The Court also points to Plaintiff's corporate representative's emails sent to opposing counsel regarding Plaintiff's counsel's health condition around the time of the discovery cutoff deadline. *See* DE 73. It is apparent to the Court that Plaintiff and its counsel have both participated in the bad faith discovery misconduct and repeated violations of Court Orders and rules.

While the Court notes that Defendant is also requesting that a default judgment be entered against Plaintiff on Defendant's Counterclaims, or at the very least that the Court: "(i) deem certain facts admitted pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i); (ii) prohibit Landfall from supporting or opposing designated claims or defenses, (iii) prohibit Landfall from introducing designated matters in evidence pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), with respect to Defendant's Counterclaims; and (iv) hold the Landfall Corporate Representative and its employees to their deposition testimony and prohibit them from changing, amending, or supplementing their deposition testimony at trial," Defendant's briefing has not placed the Court in a position to determine whether default judgment against Plaintiff would be appropriate with respect to Defendant's Counterclaims. Nor has Defendant fully and adequately addressed its requested lesser sanctions as they relate to Defendant's Counterclaims (which Defendant notes will alleviate, but not eliminate, prejudice).

Specifically, "[a] default judgment is a serious step that a court must seriously consider before imposing, and the complaint must present a 'sufficient basis' to support the default judgment on the claims presented." *Prologix Int'l Corp. v. Vinotemp Int'l Corp.*, No. 07-80600-CIV, 2008 WL 11333697, at *3 (S.D. Fla. Oct. 9, 2008). "A sufficient basis will exist where the

well pleaded complaint support[s] the causes of action alleged." *Id.* In this regard, "a proper motion for default judgment should state in the liability section of its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the . . . complaint how the well-pleaded facts in the . . . complaint establish each element." *Valle v. AA & K. Restoration Grp., LLC*, 2019 WL 13192198, at *2 (S.D. Fla. Oct. 23, 2019) (alterations added) (internal quotation marks and citation omitted). In other words, "in ruling on a motion for default judgment, the court must examine in further detail the [opposing party's] liability under the causes of action alleged in the Complaint." *Hartford Underwriters Ins. Co. v. Baez*, No. 11-cv-00374, 2012 WL 13105133, at *3 (M.D. Fla. Apr. 2, 2012).

In the instant case, in its Memorandum in Support of Sanctions Requested [DE 71], Defendant merely states that default judgment against Plaintiff is appropriate. Defendant does not state the elements of each of its Counterclaims, and in fact, does not even mention what its actual Counterclaims are. This ignores Defendant's obligation to state the elements of each cause of action and to "show with pinpoint citations . . . how the well-pleaded facts . . . establish each element." *Valle*, 2019 WL 13192198, at *2. That Defendant is seeking default judgment on its Counterclaims as a sanction under Rule 37(b)(2)—or seeking default judgment absent the filing of a motion for default judgment—does not alter this obligation. *See Prologix Int'l Corp.*, 2008 WL 11333697, at *3 (discussing default judgment in the context of Rule 37(b)(2)); *Hartford Underwriters Ins. Co.*, 2012 WL 13105133, at *3 (same). Further, to the extent Defendant references lesser sanctions in lieu of a default judgment, the Court notes that, despite Defendant's representation that there are eight categories of missing discovery production, Defendant addresses only six of the eight categories when discussing what the documents would have tended to

establish. [DE 71 at 20–23]. Thus, Defendant has not adequately briefed the matter as it relates to Defendant's request for entry of a default judgment against Plaintiff on Defendant's Counterclaims or alternative request for lesser sanctions in lieu thereof.

### III.    CONCLUSION

In light of the foregoing, the Undersigned **RECOMMENDS** that the District Judge enter an Order: (1) **DISMISSING WITH PREJUDICE** Plaintiff's Complaint in its entirety [DE 1-3]; and (2) **STRIKING** Plaintiff's pleadings—that is—Plaintiff's Answer to Defendant Datascore Enterprises, Corp.'s Counterclaim [DE 28]. Further, in light of the striking of Plaintiff's Answer, the Undersigned **RECOMMENDS** that the District Judge direct Defendant Datascore Enterprises, Corp. to forthwith elect to either dismiss its Counterclaims against Plaintiff, move for a default judgment against Plaintiff on its Counterclaims, or seek other appropriate relief.

### NOTICE OF RIGHT TO OBJECT

Due to the imminent February 27, 2023 trial date, the Undersigned shall hereby shorten the time for the parties to file objections to this Report and Recommendation, as authorized under S.D. Fla. Magistrate Judge Rule 4(b). Accordingly, the parties shall have seven (7) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach County, Florida,

this 8th day of February, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge