UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LANDFALL 2, INC., a Florida corporation,

    Plaintiff,

v.                                                                               CASE NO.:   9:22-cv-80801-DMM

DATASCORE-AI, LLC, a Texas limited
liability company; BRENT BIGGS,
individually, and DATASCORE ENTERPRISES,
CORP., a Delaware corporation;

    Defendants.
_____/

### DEFENDANT DATASCORE ENTERPRISES, CORP.  VERIFIED MOTION FOR ATTORNEYS' FEES AND/OR NONTAXABLE EXPENSES AND COSTS

COMES NOW, Defendant Datascore Enterprises, Corp. ("Datascore") and pursuant to the Court's Order Granting Motion for Final Default Judgment entered at DE 104 moves the Court for an award of its Attorneys' Fees and/or Nontaxable Expenses and Costs against Plaintiff Landfall 2, Inc. ("Landfall") pursuant to Local Rule 7.3. *See* DE 104.

**A.**     **Compliance with Local Rule 7.3.**

On April 28, 2023, this Court granted in part Defendant's Motion for Final Default Judgment against Landfall 2 Inc. [DE 104], entered a Final Default Judgment against Landfall [DE 105], and denied without prejudice Defendants' request for Attorneys' Fees with direction to file a motion consistent with Local Rule 7.3 if Defendant wished to further pursue its request for fees [DE 104]. Defendant brings this motion pursuant to the Court's Order at DE 104.

This Court twice previously awarded fees to Datascore related to Landfall's violations of discovery and court orders. [DE 80 and 90] *See also* [DE 99] (reducing the orders at DE 80 and 90 to judgment pursuant to FRCP 58 because Landfall and its then-counsel, Darren Aponte, failed to

timely pay the fees and costs pursuant to the Court's orders). Datascore now seeks its reasonable attorneys' fees and costs not previously submitted to the Court.

Local Rule 7.3 "provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement" and requires the motion to:

> (1) be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings;
> (2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award;
> (3) state the amount sought;
> (4) disclose the terms of any applicable fee agreement;
> (5) provide:
>     (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought;
>     (B) the number of hours reasonably expended by each such timekeeper;
>     (C) a description of the tasks done during those hours; and
>     (D) the hourly rate(s) claimed for each timekeeper;
> (6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920;
> (7) be verified; and
> (8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount.

Local Rule 7.3(a). This verified motion is timely filed because it is filed within 60 days of April 28, 2023—the date the Court entered final judgment against Landfall. There is no controlling fee agreement between the parties. Defendant set forth its basis for fees in its Motion for Final Default Judgment and Memorandum of Law in Support ("Motion for Final Default Judgment") [DE 93], which Defendant re-asserts here.

Datascore seeks $307,376.84 in its attorneys' fees and costs, exclusive of those fees and costs previously submitted to the Court for consideration, as supported by the accompanying Declaration of Binah B. Yeung in support of Defendant's Verified Motion for Attorneys' Fees, ¶¶ 3–14, Exs. A–C. This amount applies the hourly rates the Court previously determined were reasonable for each timekeeper in this jurisdiction. [DE 80 at 7–11.]. As discussed further below,

the attorneys' fees and costs Datascore seeks were reasonable and necessary in light of the manner in which Landfall litigated this suit.

**B.     Landfall did not oppose Datascore's request for attorneys' fees and costs, and the request should be deemed conceded.**

As briefed in DE 93, Datascore seeks an award of attorneys' fees and costs incurred in this action, as stated in its Prayer for Relief in the Counterclaim Complaint, under two bases: (1) the bad faith exception to the American Rule, recognized as an inherent power of the Court by the Eleventh Circuit; and (2) the 15 U.S.C. § 1117 "Exceptional Case" doctrine under the Lanham Act.

Landfall did not oppose Datascore's request for fees. *See* DE 102.  On April 7, 2023, in response to Datascore's Motion for Final Default Judgment [DE 93], Landfall filed a Notice of Waiver. [DE 102].  The Notice of Waiver stated that Landfall did not seek an evidentiary hearing on Datascore's Count I as to damages and noted that it reserved its right to present evidence related to damages on any other counts for which Datascore sought relief. *Id.* The Notice of Waiver did not oppose or contest Datascore's request for attorneys' fees and costs. Accordingly, Datascore's right to attorneys' fees and costs should be deemed conceded by Landfall.

**C.     Defendant is entitled to attorneys' fees and costs pursuant to 15 U.S.C. § 1117 "Exceptional Case" doctrine, and Bad Faith exception to the American Rule.**

Datascore is entitled to its attorneys' fees and costs pursuant to (1) the bad faith exception to the American Rule, recognized as an inherent power of the Court by the Eleventh Circuit; and (2) the 15 U.S.C. § 1117 "Exceptional Case" doctrine under the Lanham Act. This Court has broad discretion to award reasonable attorneys' fees to the prevailing party when the losing party has acted in bad faith:

> Under the inherent power of the court to supervise and control its own proceedings, an exception to the American Rule has evolved which permits the court to award a reasonable attorneys' fee to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. An action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.

*Vital Pharm., Inc. v. Am. Body Bldg. Products, LLC*, 510 F. Supp. 2d 1043, 1046 (S.D. Fla. 2007), quoting *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1336 (11th Cir. 2002)) (internal citations omitted).

The Exceptional Case doctrine under 15 U.S.C. § 1117(a) provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In 2018, the Eleventh Circuit addressed the question of whether the "exceptional case" standard for awarding attorney's fees in Patent Act cases, as articulated by the Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545 (2014), also applies to Lanham Act cases, concluding that it does. *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018). Under that standard, an exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position" or "<u>the unreasonable manner in which the case was litigated</u>." *Off Lease Only, Inc. v. Lakeland Motors, LLC*, 846 Fed. Appx. 772, 775 (11th Cir. 2021), citing *Octane Fitness*, 572 U.S. at 554 (emphasis added). District courts "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

Here, the "full, tortured procedural history of the case" detailed in the Magistrate Judge's Report and Recommendation On Imposition Of Sanctions Against Plaintiff And Its Counsel For Bad Faith Misconduct, Violations Of Court Orders, and Discovery Violations Stemming From Defendant's Motion To Compel [DE 40], and recited at length in this Court's prior Orders, establishes an adequate basis for finding this matter to be an "exceptional case" under § 1117, and an exception to the American Rule for bad faith litigation. As detailed in the Report and Recommendation, Landfall 2 Inc.'s conduct in this matter ran the gamut from making demonstrably false allegations, to willful and bad faith disregard for Court orders and applicable rules, and to willful and dilatory discovery misconduct. *See generally* DE 78. In sum, Landfall litigated this case in a wholly unreasonable manner.

Under both the "something less than bad faith" standard of 15 U.S.C. § 1117, and the

common law exception to the American Rule recognized by the Eleventh Circuit, an award of attorneys' fees and costs to Datascore is appropriate here. This case is the poster-child for a bad faith and exceptional case attorneys' fee award. This Court has already found that Landfall and its counsel have "willfully and in bad faith demonstrated a continuing pattern of noncompliance with Court Orders and rules, and have engaged in bad faith discovery misconduct," and that "Defendant [Datascore] has undoubtedly suffered severe prejudice" as a result.

After filing its complaint in State Court and promptly losing its request for an *ex parte* injunction (in which Landfall 2 Inc. falsely swore under oath that notice had been provided to Datascore's counsel), Landfall 2 Inc., wantonly failed to participate in the litigation that it started, ignored and willfully disregarded no less than nine Court orders, engaged in willful and dilatory discovery misconduct, and severely prejudiced Datascore by depriving it of its right to necessary discovery. Report and Recommendations, DE 78 at 34–36, 39. Consequently, Datascore (and this Court) have wasted countless hours on this case. The pendency of this litigation has been hugely disruptive to Datascore's ongoing business and customer relationships. The attorneys' fees and costs Datascore seeks were reasonable and necessary in light of the manner in which Landfall litigated this suit.  The findings in the Report and Recommendation [DE 78] as adopted by this Court's Order at [DE 83], fully support an award of attorneys' fees and costs under these circumstances.

### D. Certification of good faith effort to resolve issues by agreement.

Pursuant to Local Rule 7.3(b), Datascore has conferred in good faith to resolve its request for attorneys' fees with Landfall, and Landfall has confirmed it has no objection to Datascore's requested fees and costs. Yeung Decl. ¶ 15, Ex. D.

## CONCLUSION

For the foregoing reasons, Defendant Datascore Enterprises Inc. respectfully requests an award of its reasonable attorneys' fees and costs. Accordingly, Defendants request that Court enter the proposed form of Judgment submitted herewith.

Date: June 5, 2023                                      Respectfully submitted,

/s/Woodrow Pollack
**WOODROW H. POLLACK**
Florida Bar No. 26802
Primary E-Mail:   WPollack@shutts.com
Secondary E-Mail: KChambers@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Boulevard, Suite 300
Tampa, Florida 33607
Telephone:  (813) 229-8900
Facsimile:   (813) 229-8901

and

**BINAH B. YEUNG**
Washington State Bar No. 44065
*Admitted Pro Hac Vice*
E-mail:byeung@cairncross.com
**AMY YOON**
Washington State Bar No. 58102
*Admitted Pro Hac Vice*
E-mail:ayoon@cairncross.com
**CAIRNCROSS & HEMPELMANN, P.S.**
524 Second Avenue, Suite 500
Seattle, WA  98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308

***Counsel for Defendants, Brent Biggs, Datascore Enterprises, Corp. and Datascore-AI, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2023 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

/s/ Woodrow Pollack
Woodrow H. Pollack