UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-80801-MIDDLEBROOKS/MATTHEWMAN

LANDFALL 2, INC., a Florida corporation,

    Plaintiff,

v.

DATASCORE-AI, LLC, a Texas limited
liability company; BRENT BIGGS,
individually; and DATASCORE ENTERPRISES,
CORP., a Delaware corporation,

    Defendants.
_____/

FILED BY SW D.C.

Jan 30, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT DATASCORE ENTERPRISES, CORP.'S VERIFIED MOTION FOR ATTORNEYS' FEES AND/OR NONTAXABLE EXPENSES AND COSTS [DE 107]

**THIS CAUSE** is before the Court upon Defendant Datascore Enterprises, Corp.'s ("Datascore" or "Defendant Datascore") Verified Motion for Attorneys' Fees and/or Nontaxable Expenses and Costs ("Motion") [DE 107]. Plaintiff Landfall 2, Inc. ("Plaintiff" or "Landfall") has failed to file a response to the Motion.[1] The Motion was referred to the Undersigned by the Honorable Donald M. Middlebrooks, United States District Judge. *See* DE 130. Accordingly, the matter is now ripe for review.

---

[1] In addition to Landfall's failure to respond, Datascore has represented that Plaintiff "has confirmed it has no objection to Datascore's requested fees and costs." *Id.* at 5.

1

### I. BACKGROUND

This case has a long and tortured history due to the repeated misconduct of Plaintiff Landfall and its prior counsel, Darren R. Aponte, Esq. The Court will not repeat the extensive prior orders and reports and recommendations in this case, which ultimately led to a "Final Default Judgment Against Landfall 2, Inc." [DE 105], except to the extent necessary to address the pending Motion.

On February 8, 2023, the Court issued a "Report and Recommendation on Imposition of Sanctions Against Plaintiff and Its Counsel for Bad Faith Misconduct, Violations of Court Orders, and Discovery Violations Stemming from Defendant's Motion to Compel [DE 40]" [DE 78].[2] That same date, the Court also entered an Order Awarding Reasonable Expenses, Including Costs and Attorney's Fees, Against Plaintiff and Its Counsel ("Fees Order") [DE 80]. Within that Fees Order, the Court specifically found the following hourly rates appropriate: (1) $340.00 for Binah B. Yeung, Esq.; (2) $300.00 for Amy H. Yoon, Esq.; (3) $250.00 for Henry J. Avery, Esq.; (4) $500.00 for Woodrow H. Pollack, Esq.; (5) $125.00 for paralegals Marissa E. Gaugler and Kelsey M. Doyle; and (6) $125.00 for paralegal Katie L. Chambers. [DE 80 at 7–11].[3]

Subsequently, on February 16, 2023, Judge Middlebrooks entered an Order Adopting Report and Recommendation [DE 83], in which Judge Middlebrooks dismissed Plaintiff's Complaint [DE 1-3] with prejudice, struck Plaintiff's Answer to Defendant Datascore's

---

[2] The Court assumes the parties' familiarity with the tortured history of this case, as outlined extensively in that Report and Recommendation and numerous other Court filings.

[3] On March 3, 2023, the Court also entered an Order Awarding Costs and Expenses to Defendant in Connection with the Additional Deposition of Jack Agar ("Deposition Fees Order") [DE 90]. In the Deposition Fees Order, the Court awarded costs and expenses related to the additional deposition of Jack Agar.

2

Counterclaim [DE 28], and directed Defendant Datascore to either dismiss its counterclaims against Plaintiff or move for a Clerk's default. [DE 83 at 1–2]. In response, Defendant Datascore filed a Motion for Entry of Default by Clerk [DE 84], and the Clerk entered default thereafter. *See* DE 87. Defendant Datascore then moved for final default judgment. *See* DE 93. And, on April 28, 2023, the Court granted Datascore's motion for final default judgment and entered final default judgment against Plaintiff. *See* DEs 104, 105. Based on final judgment being entered in its favor, Datascore now moves for attorneys' fees and/or nontaxable expenses and costs pursuant to the instant Motion. [DE 107].

## II.  THE MOTION [DE 107]

In Defendant Datascore's Motion [DE 107], Datascore first notes that the Court has awarded fees to Datascore "related to Landfall's violations of discovery and court orders" twice before, as part of the Fees Order [DE 80] and Deposition Fees Order [DE 90]. [DE 107 at 1]. Thereafter, noting that the Motion is timely as it was filed within 60 days of the April 28, 2023 final judgment, Defendant requests $307,376.84 in "attorneys' fees and costs, exclusive of those fees and costs previously submitted to the Court for consideration, as supported by the accompanying Declaration of Binah B. Yeung in support of Defendant's Verified Motion for Attorneys' Fees." *Id.* at 2. In this regard, Datascore notes that its request for attorneys' fees "applies the hourly rates the Court previously determined were reasonable for each timekeeper in this jurisdiction." *Id.*

Turning to Defendant Datascore's entitlement to attorneys' fees, Datascore argues that it previously requested attorneys' fees in its Motion for Default Final Judgment [DE 93] (which the Court later denied without prejudice subject to compliance with Local Rule 7.3), and that Plaintiff

3

failed to respond to the argument that Datascore was entitled to attorneys' fees pursuant to 15 U.S.C. § 1117 and the bad faith exception to the American Rule as part of that motion. [DE 107 at 3]. In any event, within the instant Motion, Datascore again argues that it is entitled to attorneys' fees pursuant to 15 U.S.C. § 1117 and the bad faith exception to the American Rule. *Id.* at 3–5. And perhaps most importantly, Datascore notes that Plaintiff "has confirmed it has no objection to Datascore's requested fees and costs." *Id.* at 5. As noted above, Landfall has not filed a written response to Datascore's Motion.

### III. LEGAL STANDARD

A. Entitlement

First, Landfall has failed to respond to Datascore's Motion and has therefore waived any objections to entitlement, and the Court may and should grant the motion by default pursuant to S.D. Fla. L.R. 7.1(c)(1). Second, Datascore's Motion represents that Plaintiff has now specifically confirmed it has no objection to Datascore's requested fees and costs.[4] Nonetheless, to ensure a clear record, the Court will briefly address the merits of Datascore's entitlement to attorneys' fees in this case.[5]

"Although the 'American Rule' prohibits the shifting of attorney's fees in most cases, . . . an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). Indeed,

> [u]nder the inherent power of the court to supervise and control its own proceedings, an exception to the American Rule has evolved which permits the

---

[4] [DE 107 at 5].
[5] The Court addresses entitlement to attorneys' fees and nontaxable costs and expenses separately.

> court to award a reasonable attorneys' fee to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. An action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.

*Vital Pharms., Inc. v. Am. Body Bldg. Prods., LLC*, 510 F. Supp. 2d 1043, 1046 (S.D. Fla. 2007) (quoting *Pedroza v. United Guar. Corp.*, 313 F.3d 1323, 1336 (11th Cir. 2002)). Further, under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional case" is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see also Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018) (confirming that the Supreme Court's "exceptional case" standard outlined in *Octane Fitness* applies to Lanham Act cases).

In the instant case, the Court has previously found that "Plaintiff and its counsel have willfully and in bad faith demonstrated a continuing pattern of noncompliance with Court Orders and rules, and have engaged in bad faith discovery misconduct." [DE 78 at 34]. On this matter, citing nine separate failures to comply, the Court noted that, "[w]hile each violation, standing alone, could perhaps be attributable to simple negligence, misunderstanding, or the inability to comply, . . . the sheer number of continuous and repeated violations leads this Court to the inescapable conclusion and finding that Plaintiff and its counsel have demonstrated a willful and bad faith disregard of this Court's Orders, rule, and of the discovery process." *Id.* at 34–36. Accordingly, the Court easily finds that—based on the numerous violations (for which the Court assumes the parties' familiarity)—Plaintiff has acted in bad faith for improper reasons (including

delay), and that Datascore is entitled to attorneys' fees as a sanction pursuant to the Court's inherent authority. Additionally, the Court easily finds that Datascore is entitled to reasonable attorneys' fees under 15 U.S.C. § 1117(1), as this is clearly an "exceptional case" due to the unreasonable manner in which this case was litigated, and because Datascore sought relief under the Lanham Act.

With entitlement undisputed and Landfall having waived any objections (alongside the Court's additional finding that Datascore is entitled to attorneys' fees), the Court next turns to the reasonableness of the attorneys' fees amount.

B. Reasonable Attorneys' Fees Amount

Notwithstanding Plaintiff's failure to file a response to the Motion, the Court will exercise its independent judgment in considering the reasonableness of Defendant's requested hourly rates. *See Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *3 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted*, No. 14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See id.* at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). However, the Court may also use its own experience in assessing the reasonableness of attorney's fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299)). The fee applicant bears the burden of establishing the claimed market rate. *See id.* at 427. With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated that

> [t]he "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.   That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (citations omitted).

*Id.* at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants

7

do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* (quoting *Norman*, 836 F.2d at 1301). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

1. Reasonable Hourly Rate

The Court adopts the hourly rates for attorneys Amy H. Yoon ($300.00), Binah B. Yeung ($340.00), Henry J. Avery ($250.00), and Woodrow H. Pollock ($500.00), as well as the hourly rates for paralegals Kelsey M. Doyle ($125.00), Marissa E. Gaugler ($125.00), and Katie L. Chambers ($125.00), referenced in the February 8, 2023 Fees Order [DE 80]. This is because the Court has already found those hourly rates to be reasonable, and because Defendant Datascore has specifically requested those rates as part of its Motion. *See* DE 107-4. Moreover, Landfall has failed to object to the rates sought. The Court once again finds those hourly rates reasonable.

2. Number of Hours Reasonably Expended and Amount

Next, the Court must determine whether the hours billed were reasonable. Defendant Datascore has included "attorneys' fees . . . exclusive of those fees and costs previously submitted to the Court for consideration." [DE 107 at 2]. In this regard, before considering the reasonableness of the number of hours expended, the Court first notes that Plaintiff has waived any argument as

8

to the reasonableness of the billing entries because it did not challenge the billing entries or even respond to the Motion at all. *See Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2021 WL 2269822, at *9 (S.D. Fla. Apr. 30, 2021), *report and recommendation adopted*, No. 18-cv-60912, 2021 WL 2024424 (S.D. Fla. May 21, 2021) (finding that failure to object to the reasonableness of the amount requested resulted in waiver of objection as to the reasonableness of the claimed fees). In fact, according to the Motion, Plaintiff "has no objection to Datascore's requested fees." [DE 107 at 5].

In any event, having reviewed the billing logs attached to the Motion [DEs 107-2 and 107-3], and the summary of those billing logs [DE 107-4], the Undersigned concludes that the hours billed are reasonable. Given the difficulties with Plaintiff (and its prior counsel, Darren R. Aponte)[6] in this case—and after having reviewed the time entries and noting that Plaintiff failed to file a response objecting to the reasonableness of the time billed—the Undersigned finds and concludes that the hours billed by Defendant Datascore are reasonable. Therefore, the Undersigned **RECOMMENDS** that Datascore be awarded a total of $280,748.50 in attorneys' fees (consisting of $260,623.50 for the attorneys' fees tied to Cairncross & Hempelmann, and $20,125.00 for attorneys' fees tied to Shutts & Bowen).

C. Nontaxable Costs

Defendant Datascore also requests "[n]ontaxable [e]xpenses and [c]osts." [DE 107 at 1]. In this regard, on behalf of Cairncross & Hempelmann, Datascore seeks $23,486.10 in costs related to legal research, electronic data management, travel expenses, client meals, deposition and

---

[6] The Court notes that Landfall's current counsel, Christopher J. Malafis, was not responsible for the violations of Court Orders in this case.

videography services, and a records search.[7] [DE 107-2 at 19–21]. And, on behalf of Shutts & Bowen, Datascore seeks $3,142.24 in costs without explaining the source of those costs.

To the extent Datascore requests nontaxable expenses and costs under 15 U.S.C. § 1117(a), that section does not provide for an award of nontaxable expenses. *Maurer Rides USA, Inc. v. Beijing Shibaolia Amusement Equip. Co.*, No. 10-cv-1718-Orl-37KRS, 2012 WL 13137063, at *5 (M.D. Fla. Sept. 5, 2012), *report and recommendation adopted*, 2012 WL 13136951 (M.D. Fla. Oct. 2, 2012) (citing *Suzuki Motor Corp. v. Jiujiang Hison Motor Boat Mfg. Co.*, No. 12-cv-20626, 2012 WL 2873733, at *15 (S.D. Fla. June 29, 2012)). However, it does appear that nontaxable expenses and costs are available as a sanction in response to bad-faith conduct. *See Wachovia Bank v. Tien*, 406 F. App'x 378, 383 (11th Cir. 2010) ("A district court clearly acts within its discretion when it fashions a sanction which is a direct response to the harm the bad-faith conduct caused. . . . An assessment of attorney's fees is undoubtedly within a court's inherent power, . . . as is the inclusion of such nontaxable costs as expert-witness fees." (internal citations, alterations, and quotation marks omitted)).

That being said, the Court still has an independent duty to only award nontaxable expenses and costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This

---

[7] Datascore also requests $1,436.80 tied to the transcript of Jason Fine. [DE 107-2 at 20]. This cost (and some of costs attributable to the deposition and videography services) appear to be taxable costs.

is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)). While some of the nontaxable expenses and costs requested by Datascore may be questionable, such as meal expenses, "reimbursement for travel, meals, . . . [and] computer legal research" are technically recoverable as litigation expenses in other circumstances. *See Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F. Supp. 2d 1301, 1328 (M.D. Fla. June 24, 2003).

Additionally, because Landfall has failed to respond to Datascore's Motion or otherwise object, and because Datascore represents in its Motion that Landfall stated it has no objection, Plaintiff has waived any argument as to the reasonableness of the nontaxable costs. Accordingly, the Undersigned **RECOMMENDS** that Datascore be awarded $26,628.34 in nontaxable expenses and costs (consisting of $23,486.10 for the nontaxable expenses and costs tied to Cairncross & Hempelmann, and $3,142.24 for the nontaxable expenses and costs tied to Shutts & Bowen).

## IV.  CONCLUSION

The Undersigned specifically **FINDS AND RECOMMENDS** that Datascore's Verified Motion for Attorneys' Fees and/or Nontaxable Expenses and Costs [DE 107] should be **GRANTED** on the following bases: 1) Landfall's default under S.D. Fla. L.R. 7.1(c)(1) due to Landfall's failure to file a written response to Datascore's Motion; 2) the representation of Datascore in its Motion that Landfall does not object to the relief sought in the Motion; and 3) on the merits, as discussed above.

Specifically, the Undersigned **RECOMMENDS** that the District Judge find that Defendant Datascore is entitled to $280,748.50 in attorneys' fees (consisting of $260,623.50 for the attorneys' fees tied to Cairncross & Hempelmann, and $20,125.00 for attorneys' fees tied to Shutts & Bowen), and to $26,628.34 in nontaxable expenses and costs (consisting of $23,486.10 for the nontaxable expenses and costs tied to Cairncross & Hempelmann, and $3,142.24 for the nontaxable expenses and costs tied to Shutts & Bowen), amounting to a total award of $307,376.84. The Undersigned further **RECOMMENDS** that the District Judge enter a judgment in favor of Defendant Datascore and against Plaintiff Landfall for such amount, applying the appropriate statutory interest.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of January, 2024.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge